SHERMAN, administratrix, appellant, *v.* THE ROCHESTER AND SYRACUSE RAILROAD COMPANY, respondents.

A servant who sustains an injury from the negligence of a superior agent engaged in the same general business can maintain no action against their common employer, although he was subject to the control of such superior agent and could not guard against his negligence or its consequences.

A brakeman upon a railroad, whose duty it is not to apply the brakes except when directed by the engineer or conductor, cannot maintain an action against their common employer for an injury resulting from the culpable speed at which the engineer and conductor ran the train.

APPEAL from a judgment of the Supreme Court in favor of the defendants on a demurrer to the complaint.

The complaint, after stating that the plaintiff is the widow and personal representative of Sharon Sherman, deceased, the character of the plaintiff as administratrix, and the corporate character and business of the defendants, states that the deceased, at the time, &c., was in the employment of the defendants, for hire, as a brakeman, and was charged with the duty of applying the brakes as often as he should be signalled to do so by the engineer or conductor, and was bound to obey the instructions of superior officers, and had no right to act in this capacity on his own volition; that the defendants, previous to the injury, had caused large quantities of firewood to be piled on each side of their track, and immediately contiguous to it at the place of the injury; that on the 5th day of July, 1852, the defendants' train, commonly called the mail train, started from Rochester on its way east at the hour appointed by the defendants, with the deceased upon the train as brakeman; that the train, as it approached the piles of firewood, had, by the carelessness and negligence of the defendants, and without any fault or negligence of the deceased, been suffered to attain the unusual and dangerous speed of eighty miles to the hour, at which unusual and dangerous rate of speed the train was, by the carelessness and negligence of the defendants, suffered to enter the space between the piles of firewood and to run against a cow or ox then and there being, by means whereof one or more cars constituting the train were violently thrown from the track, and the deceased was, by means of the culpable carelessness and negligence of the defendants, thrown from the train, while he was, without fault or negligence on his part, in the discharge of his duty,

Sherman *v*. The Rochester and Syracuse R.. R. Co.

into and upon one of the piles of firewood, with great violence, and was then and there, by the negligence, so grievously wounded, bruised and mangled, as that his life was despaired of, and that he died of his injuries July 8, 1852. It is then averred that the death of the intestate was caused by the wrongful act, neglect and default of the defendants, which was such as would (if death had not ensued) have entitled the deceased to maintain an action and recover damages in respect thereto. The defendants demurred to the complaint, specifying several causes, being substantially that the complaint does not disclose a cause of action. Judgment was rendered for the defendants at special term, which was affirmed, on appeal, at general term in the seventh district. The plaintiff appealed to this court.

*Truman Hastings*, for the appellant.

*Henry R. Selden*, for the respondents.

STRONG, J. It was decided by this court, in *Coon* v. *The Syracuse and Utica Railroad Company* (1 *Seld*., 492), that a principal is not liable to one of his agents or servants, for injuries sustained through the negligence of another agent or servant, when both are engaged in the same general business. The plaintiff in that case was a trackman, following with his hand car in the evening, in the discharge of his duty, a passenger train, and while so engaged was run over by a train of cars of the defendant, called a stake train, which was without lights, did not usually pass at that hour, and the plaintiff had no notice that it was expected. After the evidence on the part of the plaintiff was closed, the defendant's counsel moved for a nonsuit, which was granted by the court, on the ground that one servant could not maintain an action against his employer for damages sustained in consequence of the negligence of another servant of the same employer in the same general business. The

Supreme Court, at general term, on a motion for a new trial, sustained the decision granting a nonsuit, on the ground on which it was placed at the trial, and judgment having been entered against the plaintiff, and an appeal therefrom taken to this court, it was affirmed on the same ground.

In *Keegan* v. *The Western Railroad Company* (4 *Seld.*, 175) the rule as above stated was recognized and approved by this court as settled law; and it is supported by numerous cases in England and in this country. In addition to those cited in the first mentioned case, I refer to *Albro* v. *The Agawam Canal Company* (6 *Cush.*, 75); *King* v. *The Boston and Worcester Railroad Company* (9 *id.*, 113); *Gillshannon* v. *Stony Brook Company* (10 *id.*, 228); *Wigmore* v. *Jay* (5 *W., Hurl. & Gord.*, 354); *Skipp* v. *The Eastern Counties Railway* (9 *Excheq., W., Hurl. & Gord.*, 223); *Wiggett* v. *Fox* (11 *Excheq., Hurl. & Gord.*, 832); *Tarrant* v. *Webb* (37 *Eng. L. and Eq.*, 281); *Seymour* v. *Maddox* (16 *Adolph. & Ellis* [*N. S.*], 326); *Degg* v. *The Midway Railway Company* (1 *Hurl. & Norm. Excheq.*, 773).

The principle of the rule is, that a servant has the means of knowing, as well as his employer, the usual perils of the business, and can exact a rate of compensation in reference to them; that he is as well able to guard against them as his employer; and that it is equally just and reasonable to both, and strongly calculated to secure fidelity and prudence on the part of the servant that he should rely solely on the skill and prudence of himself and his fellow servants in the business for protection from injury. Hence, the law implies, as part of the contract of service, that the servant agrees to and does assume *all the ordinary* risks of personal injury, without negligence of his employer, incident to the business, including risks from negligence of other servants in the same business, when ordinary care is used to select only such as are prudent and capable; and that the employer engages on his part that he will use ordinary care in the prosecution of

Sherman *v.* The Rochester and Syracuse R. R. Co.

the business, as well in the selection of his laborers as in other respects. The arguments sustaining and fortifying the principle stated are well and forcibly presented in several of the cases cited, and particularly in the leading ones of *Priestly* v. *Fowler* ( 3 *Mees & Wels.*, 1 ), and *Farwell* v. *The Boston & Worcester Railroad Company* ( 4 *Metc.*, 49. )

The same rule of liability must necessarily apply as well where the employments of the servants are distinct, as to cases where they are one ; and to the several grades of employments, where those in the inferior are subject to the direction and control of those in the higher grades, as to cases where all occupy a common footing and possess equal authority. The principle on which the rule is founded embraces all those cases. The reasons in support of it, taken together, are equally as forcible in respect to any one case as to either of the others. If a servant cannot look to his employer for indemnity where, notwithstanding the exercise of due care on his part, he is injured by the carelessness of a fellow servant laboring near him in the same particular employment, why should he be permitted to do so when, with the same care on his part, he suffers injury by the negligence of another servant in the same general business, but at the time engaged, equally near him, in some different duty ? If proximity or remoteness of position is to have influence, where is the line ? And what substantial difference is there between a case of injury from the negligence of a servant with superior authority, and one from like negligence of a servant of equal authority, employed at a distance from and without the immediate influence of the party injured? How could the latter better guard against the injury in the case last mentioned than in the former one? If distance is to have effect, what shall the distance be? It is manifest that no distinction or exception as to liability of the principal, resting on the inability of the injured party to protect himself in the particular case, could be made without practically abrogating the entire rule. If, under a modification

of the rule, there might be a resort to the principal in any case, by another rule of law it could only be in cases where the servant complaining himself had observed all reasonable care. This would leave but few, if any, cases for the operation of the rule in question.

The case of *Coon* v. *The Syracuse and Utica Railroad Company* was one of servants in different and distinct employments, apart from each other except at the moment of injury; and all the reasoning in that and the other cases is opposed to any such distinction as above suggested.

It was very properly stated by the counsel for the appellant, on the argument, that he made no point upon the allegation in the complaint that the defendants were negligent; that the negligence referred to was in fact that of the agents only, in running the train; and such is the obvious meaning of the allegation, construed in connection with others. No negligence is alleged in reference to piling the wood near the track.

As the intestate could not have maintained an action had he lived, the plaintiff has not a right of action.

COMSTOCK and HARRIS, Js., did not sit in the case. SELDEN, J., expressed no opinion; all the other judges concurring,

Judgment affirmed.