Jones, J.
It seems to be settled, in this state, that a principal is not liable to one of his servants or agents, for injuries sustained through the negligence of another servant or agent, where both are engaged in the same general business. (Sherman v. The Rochester and Syracuse Railroad Company, 17 N. Y. Rep. 153.)
When, however, the injury to the employee results from the actual negligence or misfeasance of the principal, the principal is liable for such injury. (Keegan v. The Western Railroad Company, 4 Seld. 180.) To constitute such actual negligence or misfeasance of the principal, actual notice to the principal of the defect in the materials or machinery through which, or of the unskillfulness or unfitness of the servant through whose negligence or unskillfulness the injury in question occurred, must be shown; *612 and such notice must be averred in the complaint. (McMillan v. The Saratoga and Washington Railroad Company, 20 Barb. 450.)
Tested by these principles, the complaint in this case is defective in that it avers no such actual notice to the defendant. The allegation in the complaint that “ said John Anderson, who was employed on said boat,” can only be regarded as an allegation that he was so employed by the defendant.
The plaintiff, however, must have leave to amend on terms. If she elects to amend, she may as well obviate several objections which have been raised, the validity of which it is not necessary now to determine. For instance, in the title she may as well introduce the word “ as ” between the name “ Anderson ” and the word “ administratrix;” in the body of the complaint, the word “executrix” should be changed to “ administratrix,” or the word “ administratrix,” in the title, should be changed to “executrix,” according as the fact may be. The complaint should state that Mrs. Anderson has qualified, and that she is executrix or administratrix, as the case may be, and the prayer should be in her representative capacity.
. Judgment for the defendant, on the demurrer, with costs, with leave to the plaintiff to amend on payment of costs of the demurrer.