FRANKLIN DOBBIN v. RICHMOND & DANVILLE RAILROAD COMPANY.

*Master and Servant—Negligence of Agent—Liability of Master.*

1. Where the relation of fellow-servants or co-laborers subsists, a master is not responsible for an injury to one of his servants occasioned by the negligence of a fellow-servant engaged in the same business or employment.

2. To impute the negligence of an agent to the master, he must be something more than a mere foreman over other hands ; he must have the entire management of the business, clothed in that respect with the authority of the master, to whom the laborers are put in subordination and to whom they owe the duty of obedience.

3. In an action against a railroad company for damages, where it appeared that the plaintiff was employed as a train hand and was injured while engaged in digging gravel under the direction of one L, who was engineer, superintendent, conductor and master of the gravel and material train of defendant, whose business it was to employ and discharge hands connected with the train and who had *entire* charge of this branch of the business over a section of defendant's road ; *It was held*, that the plaintiff and L were not mere fellow-servants and that plaintiff was entitled to recover of the defendant for an injury sustained on account of the negligence of L.

CIVIL ACTION for Damages tried at Spring Term, 1879, of ROWAN Superior Court, before *Schenck, J.*

The plaintiff alleged that he was employed by the defendant company as a train hand, under the control and management of one T. W. Lowrie, an employee and superintendent of the company, and by the direction of said Lowrie, he was engaged in digging gravel, when by the negligence of defendant's employee, a bank of dirt and gravel fell in upon the plaintiff, whereby he was greatly injured, having his leg broken and being permanently disabled from performing any actual work. The defendant denied the allegations of the complaint and alleged that the

injury was caused by plaintiff's own negligence; and that its employees and servants on the material train under said Lowrie were men of ordinary skill and care; and if plaintiff was injured by the negligence of defendant's employees, superintendent, or servants, the defendant is in no way responsible therefor.

The facts set out in the statement of the case are substantially embodied in the opinion delivered by Mr. Justice ASHE, and upon them the court below held that the plaintiff could not recover on the ground that Lowrie was a mere fellow-servant of the plaintiff. Upon this intimation the plaintiff submitted to a judgment of nonsuit and appealed. And it was agreed if this court should reverse the decision below, no final judgment is to be given, but only judgment setting aside the nonsuit.

*Mr. W. H. Bailey*, for plaintiff.
*Mr. J. M. McCorkle*, for defendant.

ASHE, J. This is an action brought by the plaintiff against the defendant to recover damages for an injury to his person resulting from the negligence of the defendant. The defendant in the answer denied the allegations of the complaint, and for a further defence insisted that if the plaintiff was injured by the negligence of defendant's employees, superintendent or servants, the defendant was not responsible for the injury received.

The case was submitted to a jury for trial, and the evidence produced disclosed the facts, that the plaintiff was employed as a train-hand and laborer, and at the time of the injury was engaged in digging gravel under the direction of one T. W. Lowrie, and that said Lowrie was engineer, superintendent, conductor and master of the gravel and material train of the defendant, whose business it was to employ and discharge hands connected with the business

for which the gravel train was used; also, that he had *entire* charge of this branch of business on his section of the railroad, known as that of digging gravel, putting .the same upon the track, digging ditches and repairing the same; and also repairing culverts, &c.

After hearing this evidence, His Honor expressed the opinion that the plaintiff could not recover, admitting that he was injured by the negligence of said Lowrie, for the reason as he alleged that Lowrie was a mere fellow-servant of the plaintiff.

Who is a fellow-servant within the meaning of the law appertaining to this subject, is a difficult question, one that has never been decided in this state. And so far as we have been able to find, no definition of the relation as a test applicable to all cases, has as yet been adopted by the courts; and we do not think can be, so variant are the relations subsisting between master and servant, principal and agent, co-laborer and employee, in the various enterprises and employments, with their numerous and divers branches and departments; the cases frequently verging so closely on the line of demarcation between fellow-servants or co-laborers and what are called "middle men," that it is difficult to decide on which side of the line they fall. Each case in the future as heretofore will have to be determined by its own particular facts.

Where the relation of fellow-servants or co-laborers is found to subsist, it is well established by the English as well as American authorities, and is conceded in the argument of .this case, that the master is not responsible for an injury to one of his servants occasioned by the negligence of a fellow-servant engaged in the same business or employment. This principle has been so universally recognized by the courts, that it may be regarded as a general rule of law. And the reason of the rule is, that where one engages to serve, he undertakes, as between him and his master, to run

all the ordinary risks of the service, which includes the risk of the negligence of his fellow-servants, acting in the discharge of his duty as servant of the common master, and engaged in the same common employment. But he does not undertake to incur the risks that may result from the negligence of the master, or such person to whom he may choose to delegate his authority in that branch or department of business in which he is engaged. To impute the negligence of such an agent to the master, he must be more than a mere foreman to oversee a batch of hands, direct their work under the supervision of the master, see that they perform their duty, and in case of dereliction, report them. He must have entire management of the business, such as the right to employ hands and discharge them, and direct their labor, and purchase materials, &c. He must be an agent clothed in this respect with the authority of the master, to whom the laborers are put in subordination, and to whom they owe the duty of obedience. Such an agent is what is known as a "middle man," who as well as the laborer is the servant of the master, and although he may work with the laborer in furthering the common business of the master, he is yet not a "fellow-servant" in the sense of that term as used by the courts, because he represents the master in his authority to direct, control and manage the business. To such an agency, the maxim of "*qui facit per alium*" applies. His acts are the acts of the master; his duties, the duties of the master; and his neglects and omissions, the neglects and omissions of the master.

We think this principle clearly deducible from the more recent and most approved adjudications on this subject.

In the case of *Lanning* v. *N. Y. Cent. R. R. Co.*, 49 N. Y., 529, it was held that where the business is of such a nature that it is necessarily committed to agents, as in the case of corporations, the principal is liable for the neglects and

omissions of duty of one charged with the selection of other servants, in employing and selecting such servants, and the general conduct of the business committed to his care. To the same effect is *Flike* v. *Boston & Albany R. R. Co.*, 53 N. Y., 549.

In *Corcoran* v. *Holbrok*, 59 N. Y., 520, which was the case where an operative had been injured by the falling of' an elevator in consequence of a defect in the chain by which it was operated, the court held that when the master delegates to one agent the performance of duties which he is bound to perform towards his employees, the agent occupies the place of the master, and he is deemed to be present and is liable for the manner in which they are performed.

And in *Brothers* v. *Carter*, 53 Mo., 372, where the plaintiff was injured by the falling of a bridge, the superintendence of the construction of which had been committed to a head carpenter; it was held if the master deputes the superintending control of the work, with the power to employ hands and purchase and remove materials, to an agent, then the master acts through the agent, and the agent becomes the master, the duties are the duties of the master, and he cannot evade the responsibilities which are incident and cling to them, by thus delegating to another. In such case the agent represents the master, and though in truth he may be and is a servant, yet in those respects he is not a co-servant, a co-laborer, a co-employee, in the common acceptation of the term. He is an agent and stands instead of the principal, and is not a fellow-servant within the meaning of the rule, as applied to laborers or workmen.

And again in the case of *Brickner* v. *N. Y. Cent. R. R. Co.*, 2 Lansing, 504, it was held that the corporation cannot act personally. "It requires some person to superintend structures, to purchase and control the running of cars, to employ and discharge men, and provide all needful appliances.

This can only be done by agents. When the directors them-
selves personally act as such agents, they are representatives
of the corporation. They are then the executive head or
master. Their acts are the acts of the corporation. The
duties above described are the duties of the corporation.
When these directors appoint some person other than them-
selves to superintend and perform all these executive duties
for them, then such appointee equally with themselves rep-
resents the corporation as master in all these respects; and
though in the performance of these executive duties, he
may be and is a servant of the corporation, he is not in
those respects a co-servant, a co-laborer, a co-employee, in
the common acceptation of those terms, any more than is a
director who exercises the same authority. Though such
superintendent may also labor like other co-laborers, and
may be in that respect a co-laborer, and his negligence as
such co-laborer, when acting as co-laborer, may be likened
to that of any other, yet when, by appointment of the mas-
ter, he exercises the duties of master—as in the employment
of servants, in the selection for adoption of the machinery,
apparatus, tools, structures, appliances and means suitable
and proper for the use of the other and subordinate ser-
vants—then his acts are executive acts, are the acts of a
master, and then corporations are responsible that he shall
act with a reasonable degree of care for the safety, security
and life of the other persons in their employ. These exec-
utive duties may also be distributed to different heads of
different departments, so that each superintendent within
his sphere may represent the corporation as master. In
controlling and directing structures, in employing and dis-
missing operatives, in selecting machinery and tools, thus
he speaks the language of a master. Then he issues *their*
orders to *their* operatives. Then he is the mouthpiece and
interpreter of their will. Their voice which is silent is
spoken bp him. He then only speaks their executive will,

not the irresponsible will of a fellow-workman or co-laborer. The corporation can speak and act in no other way. His executive acts are their acts, his negligence is their negligence; his control, their control. He has in his executive duty no equal. He is not, while in the performance of these executive duties, only the equal of the common co-laborer or co-servant. *Harper* v. *Ind. & St. Louis R. R. Co.*, 47 Mo., 567; *Mullan* v. *Phila. & So. Mail & Steamboat Co*, 78 Penn., 25.

We might refer to other decisions, but we think those cited establish the principle which governs the present case. We have examined the authorities cited by the counsel of the defendant and regret that several of them were inaccessible; but those we have been able to examine do not controvert the general doctrine recognized in the cases heretofore cited, except the case of *Sherman* v. *Roch. & Syracuse R. R. Co.*, 17 N. Y., 153. But in that case two of the judges did not sit, and another expressed no opinion. In *Davis* v. *Detroit & Mil. R. R. Co.*, 20 Mich., 153, the cause of action was an injury sustained by a yard-man of the company by the negligence of an engineer who was alleged to be incompetent, and it retained him in service after notice of his incompetency. But the case was decided in favor of the defendant, because the plaintiff failed to show that defendant had knowledge of the incompetency of the employee. And the case of *Tindall* v. *Ohio & Miss. R. R. Co.*, 13 Ind., 366, was where a set of hands were at work for the company gravelling a part of the track. The same hands loaded and unloaded the cars conveying the gravel, and rode back and forth on the cars. While thus employed the train through the alleged carelessness of the engineer ran against an ox, was thrown off the track, and one of the employees was killed. It was held that the engineer and the deceased were engaged in the same general undertaking, and the representative of the deceased could not recover. The case is not in conflict with those cited above. The person killed and

the engineer were co-laborers. The engineer had no authority over the laborers.

Applying the principle to be gathered from the current of authorities to our case, we think it is clear that Lowrie was what is termed a middle man; for it was in evidence that he was engineer, superintendent, conductor and master of the gravel and material train, whose business it was to *employ* and *discharge* hands connected with the business for which the gravel train was used, and that he had *entire* charge of the business on his section of the railroad. He was no co-laborer with the plaintiff; he had no equal in this business; he was the representative of the defendant. The laborers engaged in the same business were in subordination to his authority, as master *pro hac vice;* they were bound to yield obedience to his commands; and his acts were the acts of the defendant, and his neglects, the neglects of the defendant.

We are of the opinion there is error, and the nonsuit must be set aside. Let this be certified to the superior court of Rowan county, that further proceedings may be had in accordance with this opinion and the law.

Error.                                    Reversed.