(59 App. Div. 395.)

### HALE v. WAYSIDE KNITTING CO.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—SAFE PLACE.

Plaintiff operated a sewing machine in defendant's factory; the cloth with which she worked being piled by another employé near her, so that she could easily procure it. The pile was built up behind plaintiff, and, so near that a portion of it, in tipping over, fell on her, and forced her against the sewing machine. There was room enough, so that the pile could have been made wider at the bottom, and placed so far from plaintiff that in tipping over it could not have struck her. *Held*, that the place furnished by defendant for plaintiff to work in was reasonably safe, and it was not liable for the carelessness of plaintiff's co-servant in making it unsafe.

2 SAME—FELLOW SERVANT—NEGLIGENCE—LIABILITY OF MASTER.

The injury to plaintiff having resulted from the negligent act of a fellow servant in piling the cloth as he did, the employer is not liable for the injuries resulting therefrom.

Appeal from trial term, Rensselaer county.

Action for injuries by Lizzie J. Hale against the Wayside Knitting Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The work which this plaintiff was required to perform by the defendant was to sew up certain seams on shirts and drawers in process of manufacture. She did this by a sewing machine. The place in which she was required to work was a large room, in which was a long table, and upon which, on either side, were fastened the sewing machines, run by power taken from a line shaft. Several other employés worked at this same table, and each was seated in a chair by the table, in front of the machine at which she worked. Each article upon which these seams were to be sewed was cut in forms ready to be sewed together and folded up, and about 12 of these were tied into one

bundle, each bundle weighing about 8 pounds. It was the duty of the witness Marks, another employé of the defendant, who was then about 17 years old, to go and get these bundles and pile them up in some place contiguous and convenient to those working at this table; and each girl was required to get, for herself, from such pile, the material, as fast as she needed it to work upon. The plaintiff had worked for the defendant at this work about two years, and Marks had worked at getting and piling up these bundles about six months, prior to the accident. Back of the plaintiff's chair there was an open space on the floor, in which Marks, after dinner, on January 8, 1899, began to pile up such bundles for those working at this table. He piled them up in rows about six feet long on the floor, and enough rows to cover about six feet measured the other way; thus starting a pile about six feet square. This pile he built up in this way, one row on top of another. The space which he left between the pile and the chair in which the plaintiff sat at her work was large enough for him to walk through. Just how wide it was does not appear; but, as the pile grew in height, Marks placed a chair in such passageway, and, standing on it, reached across the pile in placing the bundles, on it. From the chair, as the height increased, he got up on top of the pile, and so continued to take up and place the bundles until the pile was six or seven feet high. He was about two hours at this work, and during all that time the plaintiff was at work in her chair, and saw just what Marks was doing, and the height to which he was extending the pile. Finally, as Marks got down from the pile onto the chair, and thence onto the floor, just as he turned to go from the pile it toppled over—some three or four rows of it —on the side towards him and the plaintiff; and some of it, striking the plaintiff on the back and head as she sat in her chair, forced her face down upon the machine, and the back of the needle bar struck her three sharp blows in the face before she could stop its running or get away from it. By this injury, she claims, very serious nervous complications have been caused, which have permanently impaired her health and caused her much damage. She brought this action to recover for the damage so sustained, and at the trial the jury rendered a verdict in her favor for $5,000. From the judgment entered upon such verdict, and the order denying a new trial, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

H. D. Bailey, for appellant.

G. B. Wellington, for respondent.

PARKER, P. J.  From the conceded facts in this case, it is very clear that the place which the defendant furnished to the plaintiff in which to sit and run her sewing machine was in all respects a safe one, except in so far as the pile of goods which Marks placed behind her rendered it unsafe; and the only negligence that can be charged as the cause of her injury is the erection of that pile at the place and in the manner in which Marks placed and erected it. It seems equally clear that Marks, in the work of so placing and erecting that pile, was a fellow servant of the plaintiff. Indeed, the trial judge so charged, without exception on the part of the plaintiff. And, unless there is something in this case to except it from the general rule, this defendant is not liable for an injury resulting therefrom. As a general rule, the master is not responsible to a servant for an injury caused by the negligent manner in which a co-servant performs his work. Keenan v. Railroad Co., 145 N. Y. 190, 196, 39 N. E. 711; Sherman v. Railroad Co., 17 N. Y. 153. At the time of this accident Marks was employed to bring the goods and pile them in some convenient place, from which the girls at

work at that table could easily procure them. It was a very simple matter. There seems to have been ample space in the rear of the plaintiff's seat for a pile to have been erected so far behind her that in no event could it hit her if it did fall over; and, also, it is very evident that it was by no means necessary to build the pile as high as six or seven feet. There was abundant space to build it wider on the bottom, and thus diminish its height. Every means was afforded Marks to have so placed that pile that he would have fully accomplished the purpose of his work, and at the same time have avoided any possible injury to others. A change of a foot or two in its location, or a slight increase in its length and breadth, would have made it safe, beyond all apprehension. With every facility at his hand to perform so simple a duty in a safe manner, there was no reason why the defendant should apprehend any damage from its performance. Hence it cannot be fairly claimed that the defendant has violated the rule that requires the master to furnish a reasonably safe place in which to perform his work. Clearly, the place was perfectly safe, had not Marks carelessly, and in utter disregard of the conveniences which the defendant had furnished, made it unsafe. To such a condition that rule does not apply. Bailey v. President, etc., 27 App. Div. 305, 50 N. Y. Supp. 87; Hogan v. Smith, 125 N. Y. 774, 26 N. E. 742; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021. Upon this question the trial judge charged as follows:

"If you find that the defendant did not furnish a reasonably safe place for the plaintiff to work in; that this cloth (this pile of cloth), piled as it was, rendered her position at the machine unsafe, or not a reasonably safe one; and that through this failure on the part of the defendant, the Wayside Knitting Company, and through no negligence on the part of the plaintiff, this pile of cloth fell upon and injured plaintiff,—then I charge you that plaintiff can recover against the defendant in this action," etc.

To this charge the defendant excepted.

The following requests to charge were also made by the defendant:

"That Marks was not the alter ego of the defendant in respect to any work done by him as shown in this case." Also: "If the plaintiff was injured, not by reason of the failure of defendant to provide her a reasonably safe place to work, but by reason of the manner in which Marks piled up these goods, the verdict must be for the defendant."

Each of these requests the court refused to charge, and the defendant excepted.

Reading these instructions and requests together, it is clear that the court instructed the jury that, if the erection of the pile rendered the plaintiff's position at the machine unsafe, it was negligence on the part of defendant, for which she could recover. So the case has been decided upon one of two theories,—either that the defendant is liable for the negligent act of Marks in performing his work as a co-servant of the plaintiff, or else that the defendant is liable for not furnishing a reasonably safe place for the plaintiff to work in, although such place was made unsafe solely through the careless act of a co-servant, and his negligent omission to avail himself of the means furnished him by the defendant for doing his work in a different and absolutely safe manner. Evidently, under

the cases above cited, neither of these theories is correct; and hence error has been committed, for which a new trial must be granted. For this reason, we need not consider the plaintiff's claim that the defendant is liable because, having notice that its work was being done in a reckless and dangerous manner, it made no precautionary rules restraining the same. Whether it had such notice, and whether the work was so being done, were questions not submitted to the jury, and upon which it has never passed. Although we need not pass upon those questions now, it may be well to say that in this record we find no evidence sustaining either proposition. But the case was sent to the jury entirely upon the theories above stated, and, inasmuch as we deem them erroneous, we must for that reason reverse this judgment.

Judgment reversed on the law and the facts, and a new trial granted, with costs to appellant to abide the event. All concur.