CLARK, J., dissenting.
Action for damages. The plaintiff belonged to what he called a floating squad or gang of hands on the defendant's road. It seems that there were five of them belonging to this "gang," and one Whitley is designated by the plaintiff as "boss" of the gang. At the time of the injury complained of, this squad, consisting of said Whitley, the plaintiff and three others, were engaged in loading a car of a construction train with the timbers of an old bridge at Third Creek. Among this timber was an old sill or stringer, eight inches thick, sixteen inches wide and thirty feet long; and in attempting to (388) put this piece of timber on the car the plaintiff was injured.
The plaintiff's account of the matter (and it is his testimony that is relied on to make out the case) is substantially as follows: That after having loaded other timbers, such as crossties, Whitley told them to put this heavy piece on the car; that they rolled it up the bank near the car and lifted one end on the car; that one of the men (Sigman) put a piece of scantling on the car under the sill and the other end of the scantling on his shoulder, to hold that end of the sill on the car, until the other end could be raised up and put on the car; but by some means, while they were attempting to raise the other end, *Page 289 
Sigman's scantling slipped, the end of the sill on the car slipped off and fell upon plaintiff and injured him.
It is contended on behalf of plaintiff that Whitley was "boss" of the squad; that he ordered the hands under him to put this sill on the car; that it was too heavy to be handled with the force he had; that he should have known this, and it was negligence in him to order them to put it on the car, for which negligence the defendant company is liable.
The plaintiff also contends that at the time the injury occurred, Whitley was on the car, when he should have been on the ground helping to raise the sill, and in this he was guilty of negligence, for which the defendant company is liable.
It is also contended on the part of the plaintiff that he was unacquainted with such work; relied upon the judgment of Whitley, and for that reason was not guilty of contributory negligence; and that the Court properly instructed the jury that he was not.
In answer, as we think, to some of these positions, we (389) quote from the plaintiff's testimony as follows:
Questions, by plaintiff: "Describe exactly and correctly how it was that this thing happened?" Answer. "In raising the timber, Mr. Sigman, whenever he raised one end, would put the scantling under it for us to raise the other end. The other men lifted this end up, got away from it and fell back. I was the third man from the end. There were two men between me and the end of the timber."
Q. "How did you come to be working for the road?" A. "I hired to Mr. Whitley."
Q. "What position did he hold?" A. "He was boss of the floating gang of the Southern road."
Q. "Who had charge of the force that day?" A. "Mr. Whitley."
On cross-examination: Q. "You started to do it with the crowd you had; you saw the size of it, and you and four other men tried to put that piece of timber on the car?" A. "Yes, sir."
Q. "You thought you could put the timber up?" A. "Yes, sir; I went to work at it because Mr. Whitley told me to."
Q. "Didn't you think you could do it, too; don't put it all on Mr. Whitley because he is not here; didn't you think you could do it?" A. "Yes, sir; I thought we could put it up."
Q. "What has been your means for making your living?" A. "Carpenter work."
Q. "What wages were you able to command before receiving this injury?" A. "$1.75 to $2.25 a day." *Page 290 
Q. "I understand you to say that you got $1.75 to $2.25 a day?" A. "I have got it, but not with that force."
Q. "What were you getting on that force?" A. "One dollar a day."
(390) Defendant is not liable for negligence of Whitley as alter ego if he was guilty of negligence, as there is no evidence that he had a right to discharge the plaintiff. Dobbin v.R. R., 81 N.C. 446; Kirk v. R. R., 94 N.C. 625; Mason v.R. R., 111 N.C. 482. If there was negligence in one, it seems to us there was negligence in all the gang and not in the defendant road. There is no evidence going to show but what five men were as many as were needed to do the ordinary work this gang had to do. If this piece of timber was too heavy to be handled by them, there is no evidence that the defendant knew it, or ought to have known it; nor did the defendant know that they would undertake to put it on the car. Besides, it was no piece of machinery, about which the plaintiff was not as good a judge as Whitley, or anyone else in the "gang." The plaintiff admits in his evidence that he thought they could put it on thecar. And it seems they would have done so but for the fact that Sigman's scantling slipped, and the piece of timber they were trying to load fell.
We see no negligence in the matter, but, from plaintiff's evidence, regard it as one of those unfortunate accidents that happen, and will continue to happen, in the performance of any heavy work, and the plaintiff assumed the risk. And we are of the opinion that defendant's motion to dismiss, under the statute, should have been allowed, and there was error in refusing the same.
Error.