### MILLER v. AMERICAN SUGAR REFINING CO.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. MASTER AND SERVANT (§ 177*)—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.

A master is not liable for injuries to a servant occasioned by a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 352; Dec. Dig. § 177.*]

2. MASTER AND SERVANT (§ 196*)—FELLOW SERVANTS—WHO ARE.

One employed as a sweeper on his master's dock under a bridge connecting two of its buildings and one employed in a machine shop in the upper floors in a building and engaged in wheeling a barrow loaded with iron cogwheels over the bridge from one building to another are fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 486–488; Dec. Dig. § 196.*]

Appeal from Municipal Court of New York.

Action by William Miller against the American Sugar Refining Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

James F. Brady, for appellant.
Walter A. Saxon, for respondent.

HIRSCHBERG, P. J. No question of fact is in dispute. The judgment, recovered by a servant against his employer, is for personal injuries; and it violates the primary principle of the law of negligence that a recovery may not be had against the master for injury occasioned by a fellow servant.

The plaintiff at the time he was hurt was sweeping the defendant's dock under a bridge connecting two of the defendant's buildings. The bridge is 15 or 16 feet high. At the time another of the defendant's employés was wheeling a barrow loaded with iron cogwheels

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

over the bridge from one building to the other, and he negligently permitted one of the wheels to fall from the barrow, striking the plaintiff and inflicting the injuries complained of. The learned counsel for the plaintiff seeks to support the judgment by the statement in his brief that the person wheeling the barrow "was in the employ of the defendant, in its machine shop in the upper floors within the building, while the plaintiff was performing manual labor as a sweeper on the docks of the defendant, and they were therefore not fellow servants." They were fellow servants. Sherman v. Rochester & Syracuse R. R. Co., 17 N. Y. 153; Wright v. New York Central Railroad Co., 25 N. Y. 562, 565; Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521; Gabrielson v. Waydell et al., 135 N. Y. 1, 31 N. E. 969, 17 L. R. A. 228, 31 Am. St. Rep. 793; Keenan v. N. Y., L. E. & W. R. Co., 145 N. Y. 190, 39 N. E. 711, 45 Am. St. Rep. 604.

The judgment should be reversed. All concur.