LARS PETERSON v. AMERICAN GRASS TWINE COMPANY.[1]

October 30, 1903.

Nos. 13,572—(54).

**Master and Servant—Number of Servants.**

The obligation of a master to exercise reasonable care to provide his servants with reasonably safe instrumentalities with which to perform their work embraces the obligation to provide a sufficient number of servants to perform the work safely.

**Evidence.**

Evidence examined, and *held* sufficient to justify the verdict.

Appeal by defendant from an order of the district court for Hennepin county, Simpson, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

[1] Reported in 96 N. W. 913.

*T. A. Garrity,* for appellant.

*Gjertsen, Rand & Lund,* for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict in the court below for $400, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

The facts are as follows: Plaintiff was employed by defendant, a corporation, as a common laborer or "handy man," being assigned to no particular line of employment, but doing such work about defendant's factory as he was directed to do from time to time by its superintendent. About the time complained of, defendant had purchased and intended to install in one of its departments some molding presses. They had been delivered at the factory, and the superintendent in charge of the department had set them up, preparatory to their being moved into the factory and placed in proper position. The presses weighed three hundred sixty five pounds each, and were so constructed that, when standing detached from the floor, they were unstable and easily tipped over. A large, heavy weight, attached to the top of the press, served as a balance, and, if removed, the machine would topple over, and not stand erect. After the presses had been set up, the foreman directed plaintiff to move them to their position in the factory, and attach them to the floor. Plaintiff complied with the order, and on the day previous to the one in question successfully moved one of the presses to its position, but found the work difficult, owing to the form and shape of the press, and its weight. On the following day, in further compliance with his orders, he attempted to move another press to its place. Finding the work somewhat difficult, he removed the heavy weight attached to the top, and the press immediately fell over upon him, injuring very severely his ankle and foot.

He brought this action to recover damages, alleging in his complaint two grounds of negligence: (1) That defendant was negligent in ordering plaintiff to move the presses without assigning other servants to assist him; and (2) in not explaining to him the risks and dangers incident to handling and moving the presses, and particularly in

not informing and instructing him that the removal of the weight at the top of the press would cause it to fall over. The general verdict for plaintiff is in effect a finding of negligence on the part of defendant in both respects, and the question presented to this court is whether the verdict is sustained by the evidence.

A master is under legal obligation to exercise reasonable care to provide his servants with reasonably safe instrumentalities and appliances with which to perform their work, and, where the work is attended with peculiar conditions, not known to the servant, increasing the risks and hazards of the employment, to warn and instruct the servant concerning the same. The duty to provide reasonably safe instrumentalities embraces the obligation to provide a sufficient number of servants to perform the work safely. Wood, M. & S., § 394; Craig v. Chicago, 54 Mo. App. 523; Johnson v. Ashland, 71 Wis. 553, 37 N. W. 823. Proper and sufficient help and assistance are as essential in the performance of the servant's duty, when not safely performed alone, as safe instrumentalities, and the law enjoins upon the master the duty of providing them. We are cited to no case in this court covering this particular feature of the law of negligence, but the general principles applicable to such questions have been elaborated in various cases, and fully sustain the view just stated, and the cases cited in support of it. The rule applies to the case at bar, and covers the first alleged ground of negligence, viz., that defendant was negligent in not providing plaintiff with other servants to assist him in moving the presses to their position in the factory.

As to the second ground of negligence, that it was the absolute duty of defendant to inform and instruct plaintiff of the dangers incident to the work he was ordered to do, the principles of law applicable thereto are clearly stated in Gray v. Commutator Co., 85 Minn. 463, 89 N. W. 322. It was there correctly said that if there are peculiar conditions, increasing the risks and hazards of using the instrumentalities furnished, likely to arise or occur in the performance of the servant's duties, the master is under obligation to give the servant warning and information concerning the same, and this without reference to his age or other experience that has acquainted him with the dangers he incurs. The age, knowledge, and experience of the servant are of importance in such cases only as evidence to be weighed by the

jury in connection with the other circumstances of the case tending to show his knowledge and appreciation of the dangers of his employment. The facts in that case are not precisely like those in the case at bar, but they are similar in their general aspects, and the principles there laid down are in harmony with the general rule, supported by all the authorities, that, where a master has superior knowledge of the nature and character of the servant's work, the obligation arises on his part seasonably to acquaint the servant with the dangers and hazards connected therewith which are unknown to the servant, or could not be discovered by him by the exercise of ordinary prudence. Of course, the servant assumes such risks as are obvious and apparent, and, if he undertakes the performance of his duties with obviously defective tools and instrumentalities, knowing and appreciating the dangers incident thereto, he cannot recover.

In the case at bar the evidence is sufficient to justify the jury in finding that the presses in question were very heavy, not easily moved by one person, likely to tip over if not attached to the floor, unless handled with considerable care; that they would not stand alone at all when the heavy weight at the top was removed; that plaintiff was unacquainted with their construction, unfamiliar with and did not appreciate the dangers and risks incident to moving them without assistance, and especially the danger to result from removing the weight. It appears without serious controversy that defendant's foreman in charge of this particular department of its factory was familiar with the construction of the presses, their weight, and that they were liable to tip over if not handled with care. He had full charge and direction of this particular work, and control over its performance. He did not assist in the work, but had authority to direct plaintiff to do it, and represented defendant in doing so. Within the rules of law we have already adverted to, it was defendant's absolute duty, under the circumstances, to provide plaintiff with assistance in removing the presses, and to acquaint him with the dangers incident to the work, and this obligation it could not avoid. Its failure to perform it renders it liable in this action. A careful examination of the evidence satisfies us that the jury was justified in finding a necessity for the observance of the rule stated on the part of defendant, and a neglect to perform it.

But it is urged that defendant's foreman, who ordered plaintiff to move the presses into the factory, was a fellow servant, for whose negligence defendant is not responsible. We do not concur in this contention. The rule as to when an employee of the master acts in the capacity of a vice principal has been discussed in many cases before this court. In Perras v. A. Booth & Co., 82 Minn. 191, 84 N. W. 739, 85 N. W. 179, it was said that an employee or servant who is clothed with special powers and authority with respect to the management of the master's business, and the control of the other servants in the matter of the performance of their duties, and to whom is delegated the performance of the master's absolute duty to the other servants in respect to the obligation to provide them with safe instrumentalities and a safe place in which to work, is, as to such other servants and employees, a vice principal when engaged in the performance of the special powers and authority conferred upon him, and a fellow servant when engaged in the common employment of the master. Carlson v. N. W. Tel. Exch. Co., 63 Minn. 428, 65 N. W. 914; Hess v. Adamant Mnfg. Co., 66 Minn. 79, 68 N. W. 774; Vogt v. Honstain, 81 Minn. 174, 83 N. W. 533; Krumdick v. Chicago & N. W. Ry. Co., 90 Minn. 260, 95 N. W. 1122. There can be no serious question that in the case at bar the foreman who ordered plaintiff to move the presses was a vice principal, within these authorities; and defendant is responsible for his failure to perform its absolute duty in the respects stated, viz., to provide plaintiff with assistance to move the presses safely into the factory, and to warn and instruct him of the dangers and hazards incident to the work.

Other errors are assigned by appellant. We have examined them with care, and find no reversible error in the record. The exceptions to the charge of the learned trial court are not well founded. Taken as a whole, the charge was clear, fair, and a full statement of all the issues in the case, and is not open to criticism. Upon the whole record, we are satisfied that the verdict was right, and should be sustained.

Order affirmed.