[No. 8682.   Department One.   June 9, 1910.]

J. E. Forsman, *Appellant*, v. Seattle Electric Company, *Respondent*.[1]

Master and Servant—Assumption of Risks—Reliance on Direc-
tions—Unloading Heavy Objects—Question for Jury.  A common
laborer, assisting in unloading from a wagon a barrel of tar weigh-
ing five or six hundred pounds, without previous experience, or
knowledge of the weight, may rely on the superior knowledge of
the master and act as directed, and does not, as a matter of law,
assume the risk of an injury from an unsafe method of unloading,
whereby his hand was crushed because he was unable to bear the
weight which bore upon him while acting as directed in lowering
the barrel to the ground.

Appeal from a judgment of the superior court for King
county, Gay, J., entered November 22, 1909, in favor of the
defendant, upon granting a nonsuit in an action for personal
injuries sustained by an employee engaged in unloading bar-
rels of tar.  Reversed.

*Reynolds, Ballinger & Hutson*, for appellant.
*James B. Howe* and *H. S. Elliott*, for respondent.

Gose, J.—The plaintiff brought this action to recover
damages for personal injuries sustained while in the service
of the defendant.  At the close of his testimony the court,
upon the motion of the defendant, dismissed the case.  Plain-
tiff has appealed.

The respondent was engaged in cement and brick work
upon the public streets of Seattle.  The basis of the appel-
lant's claim for relief is that, at the time of the happening
of the accident, he was working for the respondent as a
common laborer; that he had been so employed for something
over a day; that while engaged in wheeling sand, he was
called by the respondent's foreman to assist in unloading
three barrels of tar from a dump wagon; that two of the

[1]Reported in 109 Pac. 121.

barrels were set upright in the wagon, and the third, which was placed crosswise between the two, had become lodged or, as it was variously expressed by the witnesses, "jammed," "squeezed," or "pinched" between the upright barrels; that the foreman directed him to get in the wagon and assist three other men in dislodging it; that he did so, and the barrel was rolled on the rear of the wagon; that the foreman then directed him to stand on the ground and assist in unloading; that three men remained in the wagon, one at each end of the barrel, and the third in the center, and the three men upon the ground took like positions; that the appellant was holding one end of the barrel and that, in lowering it from the wagon to the extension of the brake beam, a distance of about two feet, he was unable to hold the weight which bore upon him, and that his finger was crushed between the brake beam and the edge of the barrel; that the barrels weighed five or six hundred pounds each, and that the usual way of unloading them was to drop them from the wagon to the ground, but that owing to the slope of the street, and to prevent the rolling of the barrels and possible injury to people, the usual method was not followed. In addition to the facts stated, the appellant testified that he had had no previous experience in that kind of work; that when he took hold of the barrel in the wagon to assist in dislodging it, it moved easily; that he did not know its weight and that the foreman said that it was light, and that "I took his word for it."

The governing principles of law are well settled in this class of cases, but the difficulty lies in their proper application. The master commands and the servant obeys, and he has a right to rely upon the superior knowledge of the master and to act as directed, unless the danger in doing so is so open or apparent that a man of ordinary prudence would discern the danger and refuse obedience. If the appellant did not know the actual or approximate weight of the barrel, he did not assume the risk as a matter of law. His position, as

we have said, was one of subordination. Obviously he had a right to rely upon the superior knowledge of the master as to the weight of the barrel, in the absence of knowledge upon his part, or notice of facts from which the law would presume knowledge, and to assume that the master would not put him in a place of peril. It cannot be declared, as a matter of law, that the appellant knew the actual or approximate weight of the barrel, or that he had knowledge of facts from which the law would impute knowledge. This question should have been submitted to the jury. There is abundant evidence to warrant the jury in concluding that the method employed in unloading the barrel was both unusual and unsafe. The weight of the barrel was the proximate cause of the injury. The appellant was injured because he was not able to hold the weight which bore upon him. Among other cases, the respondent relies upon, *International & Great Northern R. Co. v. Figures*, 40 Tex. Civ. App. 255, 89 S. W. 780; *Brown v. Oregon Lumber Co.*, 24 Ore. 315, 33 Pac. 557; *Dunlap v. Barney Mfg. Co.*, 148 Mass. 51, 18 N. E. 599; *Worlds v. Georgia R. Co.*, 99 Ga. 283, 25 S. E. 646; *Bryan v. Southern R. Co.*, 128 N. C. 387, 38 S. E. 914; and *Nephew v. Whitehead*, 123 Mich. 255, 81 N. W. 1083.

In *International & G. N. R. Co. v. Figures*, the plaintiff and another, at the instance of the master's foreman, undertook to take up and load into a car a piece of iron twelve inches square, about six feet in length, and weighing 575 pounds. The iron fell, injuring the plaintiff. The plaintiff had handled scrap iron and steel rails, and was familiar with the work. The court correctly said that, if the plaintiff did not know, and by the use of ordinary care could not have discovered, the danger before taking hold of the iron, the danger in two men undertaking to lift and load it into the car became apparent when he undertook to raise it, and that there was no liability. In *Brown v. Oregon Lumber Co.*, the right to recover was denied where the plaintiff was injured while loading ties in a car. The ties were piled nine or ten high.

It was shown that the usual mode of piling the ties was by blocking them as they were piled, and that this mode was pursued until the last car was partially loaded when, at the command of the foreman to hurry, the plaintiff and those employed with him ceased blocking, when the pile fell and struck and injured the plaintiff. The court said that the risk of doing the work was open and apparent. In *Dunlap v. Barney Mfg. Co.*, the plaintiff and two others were attempting to lift steps weighing twelve to fourteen hundred pounds upon a low truck, when one of the parties lost his hold and the steps fell upon the plaintiff, causing the injury. It was held that, if there was any negligence, it was that of the plaintiff or his fellow servant. In *Worlds v. Georgia R. Co.*, the right to relief was denied the plaintiff, who was injured while carrying cross ties without assistance upon the command of the yard master. In *Bryan v. Southern R. Co.*, the plaintiff, a carpenter, was injured by the slipping and falling of a heavy timber, which he and others were attempting to load upon the car under the direction of the foreman. In *Nephew v. Whitehead*, the plaintiff, who was experienced in the work he was engaged in, was denied relief for an injury sustained while assisting others in unloading heavy iron beams from a truck which he had helped to load.

These cases are readily distinguishable upon the facts. Where a party undertakes to raise a heavy body from the ground, he has notice of the weight before the danger period arrives. It is very different, however, where one undertakes to unload an object from a wagon or a car, and has no notice other than the appearance of the object, until the weight is upon him and the danger period at hand. In brief, in the one case he can desist when the danger becomes apparent, and in the other he cannot.

The judgment is reversed, with directions to grant a new trial.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.