[Civ. No. 824.   Second Appellate District.—August 9, 1910.]

# ALBERT LARSEN, a Minor, by S. LARSEN, His Guardian ad Litem, Respondent, v. MAGNE-SILICA COMPANY, a Corporation, Appellant.

NEGLIGENCE—EMPLOYMENT OF INEXPERIENCED YOUTH AT UNSAFE MINING—FAILURE TO WARN OF DANGER.—Where the evidence shows that long experience is required in order safely to conduct a mine for infusorial earth, and that an inexperienced youth previously employed for other work was put to work in such mine, without previous warning or instruction as to the danger incident to the work, and in the conduct of such work he was seriously injured in obeying an order of the superintendent in charge of the mine, as the result of the mine caving upon him, the defendant was guilty of negligence in putting the inexperienced plaintiff at such dangerous work without any warning as to the danger.

ID.—DUTY OF EMPLOYER TO MINIMIZE DANGER TO INEXPERIENCED SERVANTS.—Where inexperienced servants are employed in dangerous work, it is incumbent on the employer to apprise such employees of the danger, and to instruct them in the manner of the performance of their duties, so as to minimize the danger incident thereto.

ID.—GENERAL SUPERINTENDENT REPRESENTATIVE OF PRINCIPAL—NEGLIGENCE NOT OF FELLOW-SERVANT.—One who exercises the general duties of a superintendent, in directing the movements and work of employees, is discharging a duty to his principal in so doing, although he may have no power to hire or discharge servants. The negligence of such superintendent in failing to instruct an inexperienced youth and warn him of the danger is not that of a fellow-servant, but is the negligence of the principal.

ID.—GENERAL RULE REQUIRING INSTRUCTION.—The same general rule which requires the instruction of an inexperienced servant in the use of dangerous machinery requires instruction by the employer to an employee in any employment of a dangerous character.

ID.—RIGHT OF SERVANT TO RELY ON SUPERIOR KNOWLEDGE OF MASTER—DUTY—EXCEPTION.—When an inexperienced servant is told to perform work, the servant's ordinary duty is to obey, and he has the ordinary right to rely upon the superior knowledge of the master, and to assume that the master would not put him in a place of peril, unless the peril is so obvious that ordinary prudence could discern it and refuse obedience.

ID.—KNOWLEDGE AND APPRECIATION OF DANGER BY INEXPERIENCED YOUTH—MATTER FOR JURY—CONCLUSIVE VERDICT.—The questions whether or not the plaintiff, as an inexperienced youth, had suffi-

cient knowledge and appreciation of the danger to have assumed
the risk were matters for the determination of the jury from the
facts of the case, taking into consideration his inexperience, the
nature of the work to which he was assigned, and the danger
attending it, and the failure of defendant to give any warning
concerning it.  Its verdict for the plaintiff is conclusive that he
did not assume the risk of the special danger in which he was
placed.

ID.—LIMITATION OF IMPLIED ASSUMPTION OF RISK.—The plaintiff's
implied assumption of risk was limited by the terms of his original
employment, and where, by reason of his youth and inexperience,
the master omitted a plain duty in ordering him to work in a
specially dangerous employment without warning or instruction as
to the incident danger, and there is an absence of any clear and
explicit evidence that he knew the danger of his special employ-
ment, there was no implied assumption of risk of the danger of
the special employment.

APPEAL from a judgment of the Superior Court of
Santa Barbara County, and from an order denying a new
trial.  S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Waldo M. York, and J. M. York, for Appellant.

L. H. Roseberry, and B. F. Thomas, for Respondent.

ALLEN, P. J.—The action was one to recover damages on
account of personal injuries.  Trial was had before a jury,
verdict and judgment in favor of plaintiff, and from the
judgment and an order denying a new trial defendant ap-
peals.

The contention of appellant that there is no evidence tend-
ing to show neglect on the part of defendant or its officers,
if determined adversely to appellant, disposes of the ques-
tions involved in the motion for a nonsuit, as well as the
other specifications of error presented.

We find evidence in the record tending to show that de-
fendant was engaged in operating a mine from which it was
seeking to extract infusorial earth.  This earth when in
place is shown to lie in strata overlying which heavier earth,
ordinarily of a depth of five to six feet, is found.  The safest
and best way to mine for this infusorial earth was to first

remove the waste on top. This was the customary way and the safest way. Defendant was undertaking, at the time of the injury complained of, to mine this earth without removing the waste and without propping or supporting the same, which was a dangerous method of procedure. Plaintiff, a youth of less than eighteen, without previous experience as a miner, was employed by defendant generally without reference to any particular kind of employment. It is shown that while he was employed by one Starr, the superintendent of the mine, yet in the absence of Starr therefrom one Jacobson, a miner, directed the other employees as to their duties and the manner of their performance. Plaintiff during his employment, which lasted several months, was chiefly engaged in hauling waste and piling rock, and much of the time working upon a ranch owned by the superintendent, and was not employed in connection with the mining operations proper to the extent of a week during his entire employment. It appears that on the Saturday preceding the injury, which occurred on Monday, the superintendent directed plaintiff to assist the other employees who were taking out this rock or infusorial earth from the face of the cliff, and in which operation they were prying out the rock without removing the waste. This work plaintiff continued until the close of the day, and on the Monday following reported for work, and, Starr being absent, Jacobson directed him to continue his previous employment. Plaintiff undertook to remove a portion of this rock strata, as the other employees were seeking to do, by prying out the rock without removing the waste, and in so doing a cave occurred and large quantities of earth and rock fell upon plaintiff and injured him. Neither the defendant nor anyone in authority or connected with the operation of the mine ever disclosed to plaintiff the danger connected with the work, nor any steps which should be taken by him to avert danger. It is true that upon one occasion, while plaintiff was engaged in hauling rock, he saw a large quantity of earth fall, but did not see what occasioned it. Before plaintiff undertook to remove the wedge of rock which occasioned the cave producing the injury, he applied to Jacobson for instructions as to whether he should remove the waste first before seeking to take out the wedge, and was told to proceed to take out the wedge. After re-

moving a portion of the wedge he reported to Jacobson his progress, and Jacobson pointed to another portion of the wedge and said, "Take that out." Doing this seems to have removed the support from the earth above and which resulted in the cave. Plaintiff knew nothing about the character of this earth or its resisting force or strength. It further appears that at least eighteen months' experience in a mine of this character would be necessary in order to render one capable of mining in such employment.

It is insisted by appellant that no one authorized by defendant ever directed plaintiff to do this particular work, and that if he obeyed the instructions of Jacobson, it was in obedience to suggestions from a fellow employee, for which defendant is not responsible. In work of this character where inexperienced men are employed, it is incumbent upon the employer, if the work be of a dangerous character, to apprise employees of the danger and instruct them in the manner of the performance of their duties, so as to minimize the danger incident thereto. Jacobson is shown to have exercised general duties as a superintendent in the absence of Starr, the superintendent proper. While he did not hire or discharge men, he directed their movements and work. In this he was discharging a duty of his principal. It is further insisted that plaintiff had knowledge of the dangerous character of the work and assumed the risk. In *Ingerman v. Moore*, 90 Cal. 410, [25 Am. St. Rep. 138, 27 Pac. 306], in speaking of the duty which the master owed with reference to dangerous machinery, it is said: "When one who is known to be an inexperienced person is put to work upon machinery which is dangerous to operate unless with care, and by one familiar with its structure, the employer is bound to give him such instructions as will cause him to fully understand and appreciate the danger attending the employment and the necessity for care." This rule as to machinery should and does apply to any employment of a dangerous character. When directed by a master or one in authority to perform work, the servant's duty is to obey, "and he has a right to rely upon the superior knowledge of the master and act as directed, unless the danger in doing so is so open or apparent that a man of ordinary prudence would discern the danger and refuse obedience. His position was one of subordination,

and he had a right to rely upon the superior knowledge of the master, and to assume that the master would not put him in a place of peril." (*Forsman* v. *Seattle Electric Co.* (Wash.), 109 Pac. 121.) As to whether or not plaintiff had knowledge and appreciation of the danger were matters to be determined by the jury from the facts in the case. In considering these facts the jury were warranted in taking into consideration the youth of plaintiff, his inexperience and the work to which he was assigned, the particular character of the danger attending the work and the failure of defendant to give him any warning concerning it. (*Jenson* v. *Will & Finck Co.*, 150 Cal. 398, [89 Pac. 113].) In *Quinn* v. *Electric Laundry Co.*, 155 Cal. 508, [101 Pac. 797], an instruction is approved to the effect that, "A servant's implied assumption of risks, which accompanies and is a part of a contract of hiring, is confined to that particular work and class of work for which he is employed; and if the master orders him to work temporarily in another department of the general business, where the work is of such a different nature and character that it cannot be said to be within the scope of the employment, and where he is associated with a different class of employees, he will not, by obeying such orders, necessarily thereby assume the risks incident to the work; and in a case involving the principle here declared, it will not be held, as a matter of law, that the injured party assumed the risk, unless the evidence is clear, explicit and uncontradicted to that point." The words "to that point," used in the instruction, were held to relate to the assumption of risks on the knowledge or want of knowledge of the injured employee. We have here a case presented wherein, by reason of the youth and inexperience of plaintiff, the master omitted a plain duty in not warning him of the incident danger, and further, upon the authority last cited, under the circumstances of this case, evidence clear and explicit in its character of previous knowledge of danger is absent, and the jury having determined, as it did, that plaintiff did not have such knowledge, the same is conclusive of that matter.

We think the evidence in the record entirely sufficient to warrant the jury in determining that the injury to plaintiff

was occasioned by the negligence of defendant, and the judgment and order are affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 8, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 8, 1910.