[No. 9275. Department Two. June 2, 1911.]

JACOB ROSIN, *Respondent*, v. DANAHER LUMBER COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—PRESUMPTION FROM ACCIDENT —SUFFICIENT NUMBER OF SERVANTS. The fact that a workman was injured while assisting to lower a heavy door, and the accident would not have happened if there had been more men, is not sufficient to establish negligence on the part of the master; since he is only required to exercise ordinary care in furnishing sufficient men for the work.

SAME—INSTRUCTIONS. In an action by a workman injured while assisting to lower a heavy door, through the alleged insufficiency in the number of men handling it, it is error to instruct the jury that the defendant would be liable if he did not furnish sufficient men to handle the door with reasonable safety; since he is not an insurer and need only exercise ordinary care in estimating the number of men required.

TRIAL — INSTRUCTIONS — CURING ERROR BY OTHER INSTRUCTIONS. Where the issue on defendant's negligence was whether he had furnished sufficient men to handle a door, the error in a concrete instruction that he was negligent if he did not furnish sufficient men to handle it with reasonable safety is not cured by a later abstract instruction in the most general terms as to the rule for determining the negligence of either party by reference to the conduct of ordinarily prudent men.

DUNBAR, C. J., dissenting.

[1]Reported in 115 Pac. 833.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered August 5, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a sawmill.   Reversed.

*Hudson & Holt*, for appellant.

*Govnor Teats, Hugo Metzler*, and *Leo Teats*, for respondent.

Crow, J.—Action by Jacob Rosin against Danaher Lumber Company, a corporation, to recover damages for personal injuries.   From a judgment in plaintiff's favor, the defendant has appealed.

Appellant owns a dry kiln, provided with a sliding door, about sixteen feet three inches long, and ten feet six inches wide, weighing twelve hundred pounds.   Respondent was employed by appellant as an unskilled laborer.   On March 5, 1910, appellant's foreman decided to remove the door and lower it to a horizontal position.   For this purpose he called five workmen, including respondent.   These men, with the foreman, under the latter's direction, attempted to handle the door by supporting it at arm's length with their hands and gradually moving backwards so as to bring it safely to the ground.   Before the work was completed some of the men, for reasons disputed in the evidence, released their hold, whereupon the door fell and injured respondent.

The negligence charged was that appellant's foreman attempted to lower the door without providing a sufficient number of men to safely perform the work.   It was also alleged that methods selected were unsafe and dangerous.   Appellant's first contention is that the trial court erred in refusing its motions for a nonsuit and a directed verdict.   In support of these motions it insists the evidence was insufficient to sustain any finding of negligence on appellant's part.   We have carefully examined all the evidence, and without dis-

cussing it, will state that we conclude the question of appellant's alleged negligence in failing to provide a sufficient number of men was for the jury.

The trial judge instructed the jury as follows:

"In the performance of the work of handling heavy objects by hand it is the duty of the employer to provide a sufficient number of men to handle the same in reasonable safety to the men at work, and if you find from the evidence in this case that the defendant did not have a sufficient number of men to handle the door in question with reasonable safety to the men and the plaintiff, then in that regard you can find the defendant negligent as charged by the plaintiff."

Appellant requested instructions, refused by the court, to the effect that, before respondent would be entitled to recover, it must be shown, by a fair preponderance of the evidence, that appellant's foreman knew, or in the exercise of reasonable care and ordinary prudence should have known, the men directed to lower the door were insufficient in number. Appellant now contends the trial judge erred in the instructions given, and in refusing those requested. It argues that the instructions given made it an insurer of the sufficiency of the number of men engaged, and informed the jury that appellant would be responsible should the men be found insufficient, regardless of the fact whether the foreman exercised reasonable care and prudence in determining the number required. Appellant insists that, if reasonable care and prudence were used by the foreman in determining the required number, but by reason of a mistake in judgment he fixed upon too small a number and the accident resulted from the want of more men, appellant cannot be held liable for such mistaken determination.

The particular alleged act of negligence, to support which evidence was introduced, was that appellant failed to supply a sufficient number of workmen to safely lower the door. It is elementary that a master must provide a sufficient number of servants to safely perform the required work. This duty imposed upon the master is within the rule requiring him to

provide his servant a safe place to work and safe instrumentalities with which to work; a suitable number of competent servants being as much a necessity in the way of instrumentalities as reasonably safe machinery and appliances. If the master fails to provide a sufficient number of servants to safely perform the required work, and such omission results from his failure to exercise reasonable care and ordinary caution in ascertaining and selecting the required number, he will be guilty of negligence.

"The obligation of a master to furnish reasonably safe instrumentalities for the performance of his work embraces the obligation to provide a sufficient number of servants to perform the work safely; . . ." 26 Cyc. 1292.

"The degree of care required of the master is ordinary or reasonable care, such as men of ordinary care and prudence engaged in the same or similar business on their own account are in the habit of exercising—that degree of diligence and precaution which the exigencies of the particular service reasonably require. The master is not an insurer of the competency of his servants." 26 Cyc. 1295.

See, also, *Johnson v. Ashland Water Co.*, 71 Wis. 553, 37 N. W. 823, 5 Am. St. 243; *Peterson v. American Grass Twine Co.*, 90 Minn. 343, 96 N. W. 913.

The same principle applies in selecting a sufficient number of servants for the safe performance of any particular work, and it will be for the jury to determine from the evidence, under proper instructions, whether in selecting the number, the master has exercised ordinary and reasonable care, such as men of ordinary caution and prudence are in the habit of exercising. In *Fitter v. Iowa Tel. Co.*, 143 Iowa 689, 121 N. W. 48, a case strikingly similar to this, it was contended the master was negligent in failing to provide a sufficient force of men to handle a heavy telephone pole. The appellate court reversed the order of the trial court, by which a verdict had been directed for the defendant, but said:

"We may say, however, that the contention of appellee's counsel that to reverse the judgment below is to hold that

negligence may be inferred from the bare fact that plaintiff was injured is incorrect. The facts and circumstances under which the injury was sustained are shown with particularity. The work to be done, the method of its performance, the help furnished, the manner in which the injury was received, are all matters of evidence. Whether this showing indicated the exercise of reasonable care was a matter of fact, and not of law."

If in view of the happening of the accident, and plaintiff's contention that it was caused by an insufficient number of men to do the work, the question of an exercise of reasonable care by the master was an issue of fact for the jury, such issue should have been submitted by proper instructions for their consideration. The single fact of the happening of an accident, which would have been avoided had more servants been provided to safely perform the work, is not of itself sufficient to establish negligence of the master. It must also appear that he did not exercise ordinary or reasonable care and prudence in estimating the number actually provided as necessary for the particular work. The master is not an insurer of the number of servants required any more than he is of their competency. If he were, then to relieve him from any possible negligence in such cases as this, it would become his imperative duty to make a preliminary test, not only of the weight of objects about to be handled, but also of the physical strength and endurance of the servants detailed to perform the particular work. Such a requirement would be impracticable, and in many instances, impossible. The law only demands an exercise of reasonable and ordinary care and prudence in selecting the number of men to perform the work.

Respondent contends the instruction of which appellant complains was not erroneous, but that if it was, no prejudicial error resulted, as it was cured by other instructions given. The only other instruction upon which such a contention can be predicated with any apparent degree of reason reads as follows:

"The way to determine whether the plaintiff or defendant was negligent or not is to compare what was done or left undone by either of them with what would have been done or left undone by a man acting with ordinary prudence. If a man acts as an ordinarily prudent man would act under the same circumstances and conditions, there is no negligence; if a man fails to act as an ordinarily prudent man would act under the same circumstances and conditions, there is negligence."

This instruction is an abstract statement, in most general terms, of a rule to be employed by the jury in determining whether either appellant or respondent was negligent, and does not correct the concrete instruction previously given, which declared a specific act on appellant's part to have been negligent without regard to the question whether its foreman did or did not exercise reasonable or ordinary care and prudence. In other words, when the trial judge had expressly informed the jury that putting an insufficient number of men to work was negligence, and thus characterized and defined as negligence appellant's very acts to which respondent and his witnesses had testified, it would not be reasonable, fair, or logical to say the error thus committed was cured by a later instruction whereby the jury were told a person would not be negligent if he acted as an ordinarily prudent man would act under the same circumstances and conditions, and that if he did not so act, he would be negligent. By the first instruction the jury were advised that the doing of a specific act was in itself negligence. By the second or supposed curative instruction, negligence was generally defined to be a failure to act as a person of ordinary prudence. Considered together, the logical conclusion would be that the person who did the specific act did not in its doing act as an ordinarily prudent man would under the same circumstances and conditions. *Kirby Lumber Co. v. Dickerson*, 42 Tex. Civ. App. 504, 94 S. W. 153, is especially pertinent. The defendant was charged with negligence in having failed to provide a proper foundation for a stack

of lumber which fell upon the plaintiff. The trial court erroneously instructed the jury on the duty of the defendant to provide a reasonably safe foundation. It was contended in the appellate court that other instructions cured the error. The several instructions quoted in the opinion are in form and principle similar to those here involved. The Texas court of civil appeals, in holding the error had not been cured, said:

"It is insisted by appellee that in other paragraphs of the court's charge the jury were properly instructed that appellant was to be held responsible only for the failure to exercise ordinary care. These instructions, which it is claimed so modified the doctrine laid down in those paragraphs of the charge hereinbefore quoted, as to relieve the charge, taken as a whole, of any injurious consequences to appellant, are as follows: 'The mere fact that an accident happens or an injury occurs, is not of itself proof of negligence, and millmen are not, under the law, required to use the highest possible degree of care and caution of which the human mind can conceive, or such degree as would prevent every possible accident, but they are only required to exercise ordinary care and diligence.' 'You are charged that the defendant is not to be held as an insurer of its employes against accident by reason of unsafe or insufficient foundations under its lumber piles, but is by the law only required to use ordinary care and caution to construct safe foundations, and to keep them in such condition.' These instructions unquestionably contain a proper statement of the law. The question to be determined is as to their effect in counteracting the effect of those portions of the charge objected to. The jury, by the instructions contained in the charge, taken as a whole, are required to measure appellant's responsibility by two entirely different and inconsistent standards. If they adopted one, they had to discard the other. If they endeavored to reconcile them, it is not improbable that they may have construed the charge to mean, as a whole, that, while appellant was only required to exercise ordinary care, such ordinary care required is, as matter of law, to provide such reasonably safe foundations for the lumber stack as is commonly used by skilled and experienced mill men and such as they could by the use of ordinary skill, provide. They might

reasonably understand the charge, taken as a whole, arbitrarily and as a matter of law, to fix the standard of ordinary care imposed upon appellant by an absolute requirement to provide reasonably safe foundation for the stack. So understood, those portions of the charge referring to the exercise of ordinary care by appellant would in no degree have modified the objectionable portions of the charge."

The two instructions here given, in effect, told the jury, (1) that a person not acting with ordinary care and prudence is negligent; (2) that one who provides an insufficient number of men is negligent. From the two thus given, the natural conclusion would be that a person who provided an insufficient number of men did not act with ordinary care and prudence and was necessarily negligent. Thus, it appears that the issue whether appellant's foreman acted with reasonable or ordinary care and prudence was not properly submitted to the jury.

The judgment is reversed, and the cause remanded for a new trial.

MORRIS and CHADWICK, JJ., concur.

DUNBAR, C. J., dissents.