[No. 16086. Department Two. November 17, 1920.]

JOHN KOSINSKI, *Appellant*, v. WALKER D. HINES, *as Director General of Railroads, Respondent.*[1]

MASTER AND SERVANT (95, 96)—ASSUMPTION OF RISKS—METHODS OF WORK—LIFTING HEAVY OBJECTS—INSUFFICIENT FORCE. In an action for personal injuries sustained by one of a crew of six men, instructed to carry a heavy channel iron weighing from 600 to 1,000 pounds, who wrenched his shoulder in carrying the weight, a nonsuit is properly granted, where it appears that they had previously carried the same iron, had used their own methods, and made no complaint or objection, no act of negligence being shown.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered June 17, 1920, upon granting a nonsuit, dismissing an action for personal injuries sustained by an employee engaged in carrying channel irons to a pile driver. Affirmed.

*P. L. Pendleton,* for appellant.

*George W. Korte,* for respondent.

MOUNT, J.—This action was brought to recover for personal injuries sustained by the plaintiff while in the service of the defendant. The case was tried to the court and a jury. At the close of the plaintiff's testimony, the trial court, upon motion of the defendant, dismissed the action. The plaintiff has appealed.

The facts shown upon the trial are, in substance, as follows: The appellant had been employed about the

[1]Reported in 193 Pac. 209.

shops of the Chicago, Milwaukee & St. Paul Railroad at Tacoma for about four years. His duties were to sweep out the shops and gather up scrap matter. Some time prior to his injury, a pile driver to be repaired was brought into the yards. The channel irons which guide the hammer of the pile driver had become bent and were required to be straightened. These irons were removed by the appellant and five other men from the pile driver to the blacksmith shop, some two hundred or three hundred feet away. After these irons had been repaired, the foreman directed the appellant to assist five other men to take the irons back to the pile driver. One of these irons was about thirty-five feet long and weighed, according to the estimate of the appellant's witnesses, from six hundred to one thousand pounds. It was necessary to carry this iron across two railway tracks. The men did so by three of them taking hold of each end of the iron. While they were thus carrying the iron, the appellant testified that he felt his left shoulder crack. He continued his work, however, until the irons were placed by the pile driver. His shoulder, according to the evidence, was severely sprained. The appellant testified that, prior to the injury, he could readily carry two hundred pounds, and that each of the other five men were equally strong. This same crew of men had removed the irons from the pile driver to the blacksmith shop.

The negligence alleged in the complaint was: First, that respondent, through his foreman, directed appellant to quit his regular work and assist several laborers to carry heavy channel irons. Second, appellant was inexperienced in carrying heavy channel irons, which weighed from six hundred to twelve hundred pounds, and that respondent knew of appellant's inexperience and gave appellant no instructions thereon.

Third, that respondent neglected to inform appellant of the great weight of the irons and directed them to be carried an unreasonable distance. Fourth, that respondent negligently directed the appellant to carry the irons without furnishing a sufficient number of workmen. Fifth, that respondent was short-handed and directed appellant to quit his regular work and assist others to do this particular work. Sixth, that respondent failed to warn appellant that an insufficient number of men were required to carry the irons. Seventh, that respondent was negligent in failing to furnish appellant with a truck upon which to move the irons and in failing to furnish appellant with a safe place to work. All of which acts of negligence were known to the respondent.

After the appellant's proof was made, the trial court was of the opinion that there was no evidence that the respondent was negligent, and that the appellant's injuries were due to risks which he voluntarily assumed. We are satisfied that the trial court was right in his conclusion. If it may be conceded that the shops were being conducted short-handed, that fact had nothing to do with the removal of the channel irons, except that the appellant was for that reason directed to assist five other workmen to carry the irons from the shops to the pile driver. These six men were amply able to do the work and had, upon a previous occasion, removed the irons from the pile driver to the shop. The men used their own methods and judgment in the work. There is no evidence that the respondent foreman refused them any appliances or directed how the work should be done. Appellant relies upon the case of *Forsman v. Seattle Elec. Co.*, 58 Wash. 666, 109 Pac. 121, and cases of that character, where the master directed the method of the work, and appellant argues

that the question of negligence was for the jury. This court, in the case above referred to, held that, where the foreman stood by and directed how a heavy barrel should be unloaded, the question of negligence was for the jury; but in that case, after reviewing a number of cases like this one, Judge Gose said:

"These cases are readily distinguishable upon the facts. Where a party undertakes to raise a heavy body from the ground, he has notice of the weight before the danger period arrives. It is very different, however, where one undertakes to unload an object from a wagon or a car, and has no notice other than the appearance of the object, until the weight is upon him and the danger period at hand. In brief, in the one case he can desist when the danger becomes apparent, and in the other he cannot."

The case at bar comes within that rule.

In *Rosin v. Danaher Lumber Co.*, 63 Wash. 430, 115 Pac. 833, 40 L. R. A. (N. S.) 913, 2 N. C. C. A. 265, which was a case where a heavy door weighing twelve hundred pounds was directed to be lowered to a horizontal position by five workmen under the direction of a foreman, Judge Crow, speaking for the court in that case, said:

"The single fact of the happening of an accident, which would have been avoided had more servants been provided to safely perform the work, is not of itself sufficient to establish negligence of the master. It must also appear that he did not exercise ordinary or reasonable care and prudence in estimating the number actually provided as necessary for the particular work. The master is not an insurer of the number of servants required any more than he is of their competency. If he were, then to relieve him from any possible negligence in such cases as this, it would become his imperative duty to make a preliminary test, not only of the weight of objects about to be handled, but also of the physical strength and endurance of the

servants detailed to perform the particular work. Such a requirement would be impracticable, and in many instances, impossible. . The law only demands an exercise of reasonable and ordinary care and prudence in selecting the number of men to perform the work.''

That rule is no doubt correct and controls this case. The evidence introduced by the appellant plainly shows that the same crew of men which moved the iron from the pile driver to the shop were directed to remove the irons back to the pile driver from the shop. The men used their own methods with the facilities at hand. They were amply able to carry the weight. It cannot reasonably be said that it was negligence of the foreman to direct the same men to do what they had safely done at another time. These same men, in fact, had performed a preliminary test and each of them knew what they were able to do and what was required of them. They made no complaint or objections to doing the work, either before or after they had undertaken it. No negligence of the respondent was shown, nor was any fact shown from which negligence might be inferred.

The judgment is therefore affirmed.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.