## JOSEPH J. JIRMASEK v. JOHN BARTON PAYNE, Etc.[1]

February 17, 1922.

No. 22,657.

**Master not liable for overexertion by adult servant.**

1. A master is not liable for an injury sustained by an adult servant by overexertion in lifting a heavy article.

**Railway—rule of haste inapplicable to loading of mail bags.**

2. The rule of haste, as related to the hazards incident to the operation of a railroad, does not apply where the work consists in loading and unloading mail bags during the stop made by a train at a railroad station.

**One man sufficient for handling mail bags.**

3. The rule that it is the duty of a master to employ a sufficient num-

[1]Reported in 186 N. W. 819.

ber of servants to do the work they are required to do with reasonable safety to themselves, does not apply where the work consists in handling mail bags which one man can handle safely, and an injury is sustained because he overexerts himself in attempting to perform his task too rapidly.

Action in the district court for Clay county to recover $5,100 for injuries received while in defendant's employ. The case was tried before Nye, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that plaintiff had wholly failed to prove any actionable negligence; for the further reasons that it conclusively appeared from the evidence that any injuries plaintiff received while handling the sacks of mail in question was a risk which he had assumed as a part of his contract of employment, and that he had failed to prove any liability on the part of defendant for the injuries of which he complained, and a jury which returned a verdict for $2,550. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, John Barton Payne appealed. Reversed and new trial granted.

*M. L. Countryman* and *A. L. Janes*, for appellant.

*Christian G. Dosland*, for respondent.

Lees, C.

Defendant is an interstate carrier. It transports the government mails over its lines of railway. On April 1, 1919, and for about 7 months prior thereto, plaintiff was employed as its transfer mail clerk at Fargo, North Dakota. It was his duty to receive mail put off and load mail taken on its trains there. His method of doing his work was to draw a truck to the door of the mail car, load it with mail bags, and repeat the process until all the mail was put off the train. Trucks loaded with the out-going mail were then pulled up and the mail placed aboard the train. Early in the morning of April 1 he received a quantity of mail from defendant's train No. 9, loading it on trucks in the customary manner. He testified in substance as follows: One of the bags was unusually heavy, weighing 160 or 170 pounds. He placed this bag at one end of the truck. Defend-

ant's train No. 29 arrived about two hours later. Its regular stop was ten minutes. Two or three truck loads of mail were put off and as many put on. When plaintiff had partially unloaded the last truck, defendant's foreman, under whose direction he worked, told him to "hurry up so you don't hold the train." At this, plaintiff began to work faster, throwing in five bags in the time he had taken to throw in four. The last bag was the heavy one already referred to, and in handling it he strained his back severely. He lifted the bags just enough to slide them into the car, having no time to swing them or turn them end over end. The floor of the car was about 18 inches higher than the truck.

Plaintiff was a man 40 years of age, a farmer until about a year before he was injured, and had several months' experience in handling mail bags. He did all the transfer work at Fargo alone except at the Christmas season, when he had a helper. A rule of the postal authorities, prohibiting the placing of more than 125 pounds of mail in a bag, was put in evidence.

This action was brought to recover damages for the injury plaintiff sustained. The complaint alleged negligence in several particulars, but only two were submitted to the jury, who were charged as follows:

"The plaintiff claims that the defendant was * * * negligent in * * * directing the plaintiff to hurry up with his work so as not to delay the train * * * and the rapidity with which he was ordered to handle the mail bags, and particularly the heavy mail bag in question, is claimed by the plaintiff, together with the alleged fact that he did not have sufficient help, was the direct and proximate cause of his injury. If you find that the defendant was negligent in these particulars, then your verdict should be for the plaintiff, unless you further find that plaintiff assumed the risk incident to the work in the particular manner and under the circumstances under which such work was performed."

Plaintiff recovered a verdict for $2,550. Defendant made a motion in the alternative for judgment or a new trial and has appealed from an order denying its motion.

1. It is well settled that a master is not liable ffor an injury sustained by an adult servant by overexertion in lifting a heavy article. The reason for the rule is that every man of ordinary intelligence is conclusively presumed to be the best judge of his own strength. Stenvog v. Minnesota T. Ry. Co. 108 Minn. 199, 121 N. W. 903; note 17 Ann. Cas. 240; note 25 L. R. A. (N. S.) 362; Creamus v. Great Northern Ry. Co. 131 Minn. 34, 154 N. W. 616. If the present case falls within the scope of this rule, plaintiff cannot recover. He insists that the rule does not apply for two reasons: (1) That so little time was allowed him to handle the incoming and outgoing mail on train No. 29 that he had no opportunity to use his own judgment in measuring his strength and ability to lift the mail bags, particularly in view of the order of the foreman to hurry and not delay the train; (2) that defendant did not furnish help enough to do the work safely within the allotted time.

2. This court has recognized what is known as the "rule of haste" in determining whether an employment involves a hazard peculiar to the operation of railroads, bringing the employe within the scope of the statute abolishing the fellow servant rule. Section 4427, G. S. 1913. The cases are collected in Dunnell, Minn. Dig. and 1916 Supp. § 5957. Consideration of the statute does not enter into the present case. If the "rule of haste" has any application, it must be on the theory that the order to hurry created an emergency which deprived plaintiff of an opportunity to exercise his own judgment. We are unable to adopt that theory, vigorously supported as it is by the argument of plaintiff's counsel. An hour or two before plaintiff was injured he handled the heavy bag, when it was put off train No. 9. It seems clear to us that he must have discovered then and there that it was unusually heavy, if such was the fact, although his testimony as to this is not clear and contains the explicit statement that he did not ascertain the weight of the bag until the moment of his injury. When he put the bag aboard train No. 29 he moved it on the truck to the car door and slid it in. Under these circumstances we think he had ample opportunity to judge for himself whether the bag was so heavy he could not lift it without overtaxing his strength. The facts are unlike those in Forsman v. Seattle Co.

58 Wash. 666, 109 Pac. 121. A man unloading a heavy barrel from a wagon, without knowing its weight except by its appearance, encounters danger when it is too late to desist, but in raising a heavy object from the ground he has notice of the weight before the danger period arrives and when he may yet desist without risk of injury. In the latter instance, the fact that he hurried does not alter the situation, for the moment he begins to lift the object he ascertains its weight and may let go without danger to himself.

No case has been called to our attention in which it has been held that it is the master's duty to make a preliminary test of the weight of an object to ascertain whether a servant who is required to handle it hurriedly has the physical strength to do so without assistance. We therefore conclude that the "rule of haste" does not take such a case as this out of the field covered by the rule relating to injury from overexertion. The following cases, though not directly in point, shed some light on the subject: Rosin v. Danaher Lbr. Co. 63 Wash. 430, 115 Pac. 833, 40 L. R. A. (N. S.) 913; Kosinski v. Hines, 113 Wash. 132, 193 Pac. 209; Roberts v. Indianapolis St. Ry. Co. 158 Ind. 634, 64 N. E. 217; International & G. N. Ry. Co. v. Figures, 40 Tex. Civ. App. 255, 89 S. W. 780; Haviland v. K. C. P. &. G. Ry. Co. 172 Mo. 106, 72 S. W. 515; Mayott v. Norcross Bros. 24 R. I. 187, 52 Atl. 894.

3. It is well settled that it is the master's duty to employ a sufficient number of servants to do the work in which they are employed with reasonable safety to themselves. Peterson v. American Grass Twine Co. 90 Minn. 343, 96 N. W. 913; Dell v. McGrath, 92 Minn. 187, 99 N. W. 629; Manore v. Kilgore-Peteler Co. 107 Minn. 347, 120 N. W. 340; Labatt, M. & S. § 1107; Shearman & Red. Neg. § 191. Plaintiff invokes this rule, contending that so much mail had to be handled in a limited time that one man was not equal to the task and his safety was endangered by lack of necessary assistance. Plaintiff had done the work alone for months without any trouble. There is nothing inherently dangerous in handling a mail bag, even though it weighs 170 pounds. If an object is so heavy that one man cannot safely lift it, and his employer knows or is bound to know it and nevertheless orders him to pick it up, the em-

ployer may possibly be chargeable with negligence. That question is not now presented. Plaintiff does not claim he was injured because the bag was too heavy for one man to handle safely, but because he had to work too fast, and so we return to the original question: Is the master chargeable with negligence if the servant overexerts himself in attempting to do his work when the time within which it is to be done is too short? Plaintiff, working alone, could have performed his task without overexertion if there had been more time. But, in endeavoring to complete its performance within a limited time, he worked too fast. The proximate cause of his injury was overexertion in working faster than he would have worked if there had been more time, and not the failure of the defendant to furnish a sufficient number of servants to do the work safely. To hold that the master is liable under such circumstances would virtually overrule the Stenvog and Creamus cases and evolve a new doctrine in the law of negligence, which seems to us contrary to reason and established legal principals.

4. Plaintiff's testimony as to the circumstances and conditions under which he handled the mail bag is not clear or consistent. He was born in a foreign land, coming to the United States when 21 years of age and having no schooling here. It is suggested that his conflicting testimony is due to an imperfect understanding of the English language.

We have concluded that the defendant is not entitled to judgment notwithstanding the verdict. The evidence on another trial may clear up doubts as to the circumstances under which the mail bag was actually handled by the plaintiff. The evidence on this trial will not support a verdict for the plaintiff.

Order reversed and a new trial granted.