JAMES HETAGER v. T. W. MORAN.[1]

October 22, 1926.

No. 25,517.

**Why verdict must stand, if evidence to sustain either act of negligence submitted to jury.**
1. In an action for damages where the employer is charged with negligence in failing to warn plaintiff of the dangers attending the work and in furnishing insufficient help, the verdict must stand if there is evidence to sustain either one of the two acts of negligence submitted, since there was no motion to withdraw either issue from the jury nor any exception to the charge submitting both.

**Danger or risk so obvious as not to require warning by master.**
2. The danger or risk, attending the doing of the work at which plaintiff was engaged when injured, was so obvious that no person of ordinary intelligence need to be warned thereof.

**No proof of master's failure to furnish sufficient assistance to plaintiff.**
3. The evidence does not prove that the master failed to have adequate help at hand to assist plaintiff in moving the package involved safely.

Appeal and Error 4 C. J. p. 850 n. 51.
Master and Servant 39 C. J. p. 503 n. 35; p. 640 n. 49; p. 1092 n. 42.

Defendant appealed from an order Fesler, J., denying his motion for judgment notwithstanding the verdict in favor of plaintiff or for a new trial, in an action in the district court for St. Louis county to recover for personal injuries. Reversed.

*F. H. DeGroat* and *L. H. Dow*, for appellant.
*A. Feldman*, for respondent.

HOLT, J.

The appeal is from an order denying defendant's motion for judgment notwithstanding the verdict or a new trial.

[1]Reported in 210 N. W. 390, 864.

Plaintiff, as one of a crew of stevedores, was hired to unload a cargo of merchandise from a vessel at Superior, Wisconsin. It was crated in boxes or packages of different sizes and weights. The men used the ordinary two-wheel truck, the handles of which when raised came up to a man's shoulder. Each man had a truck, except two who were stationed on the ship to set out or get ready the packages for the truckers. The two were not in the same part of the vessel, nor did they assist one another, but helped the truckers to tip the heavy packages so that the toe or chisel of the truck could be inserted under the edge of the package, and in tilting it back, or breaking the load as it is termed, sufficiently for the trucker to properly balance the load with the handles and move it. Not long after starting the work plaintiff attempted to take a box or package approximately three feet wide, ten inches deep, and as it stood on end coming up to plaintiff's chin. The one who was setting out the packages tilted this one back so that plaintiff could get the chisel under the edge and assisted plaintiff, who was braced with the left foot against a wheel of the truck, to tilt or tip it back so that its weight would rest on the truck conveniently for moving. Plaintiff claims that the length and weight of the package were such that he was unable to hold the load in proper position when tilted back and it came down, catching his left knee under the truck inflicting a severe injury. Many acts of negligence were charged in the complaint, but all eliminated except these two which were submitted to the jury concisely and clearly: Was the failure to warn plaintiff of the danger in the work negligence, and was it negligence not to furnish more men to assist plaintiff?

Whilst it appears that plaintiff had never done the work of a stevedore or longshoreman before, he had had experience in wholesale stores where he used trucks similar to the ones here used, except they had shorter body, the handles coming to about the waistline when raised instead of to the shoulder. He had also worked several years in bridge and section crews of railroads. The testimoney is that stevedores work rapidly, and that some articles or packages are so heavy and unwieldy that a trucker may need the help of several men to move them safely.

Defendant did not by motion or exception challenge the court's action in submitting either of the two issues of negligence above referred to. It is true that at the close of the charge defendant's attorney said:

"I would like to have the record show exception with reference to the failure to warn. I have not any particular reference to the charge in general."

And in the motion for a new trial it is assigned:

"(2) That the court erred in instructing the jury on the duty to warn."

This can hardly raise the point that there was no evidence which would justify the court in submitting the issue of negligence in the failure to warn plaintiff. The law was correctly stated as to when the duty to warn arises. Therefore the appeal presents the single proposition whether or not the evidence sustains a verdict in plaintiff's favor under the unchallenged charge. In that situation it is immaterial whether there is enough to go to the jury on each issue submitted, for if on either the evidence sustains a verdict there must be an affirmance.

We are satisfied that no actionable negligence based on the claim of insufficient help is made out. True, it does not appear how many men were engaged in unloading this vessel, but it does appear that the help there was amply sufficient to handle any package or article to be unloaded. The weight of the package in question is not shown, nor that the two men who did undertake to load it on the truck could not have done so safely had proper care been used. But that is not the only thing. We may assume that it was too heavy for two men to handle, and that plaintiff did not know it. The one who assisted plaintiff and who tilted it had occasion to ascertain its heft; and though that employe may be charged with negligence in not informing plaintiff of the need of more help, that would be negligence of a fellow servant for which the master was not liable, unless there was also some negligence of the master shown which con-

tributed to the injury.[1]  We say there was none, so far as available
help was concerned, there being several men in the crew within
call.   The foreman testified, and there was no opposing testimony,
that, whenever a package too heavy for the trucker to handle was
reached, he was not backward in calling for help or waiting until
help was sent.   It stands to reason that in unloading a cargo of
mixed merchandise several men would not be assigned to assist each
trucker, for perhaps only an occasional package would be such as
to require any assistance at all.

Was there sufficient evidence to justify a finding that there was
a duty to warn one hired to do this work of the danger of a heavy
package overtaxing the strength of the trucker when tilted onto
the truck?   It is to be borne in mind that the men had to work
rapidly; that the trucker had no opportunity to handle or gauge the
heft of the large packages set out by the one who did that work
on the vessel; that the latter alone could ascertain that, as he set out
the package or at any rate as he tilted it to let the trucker insert
the chisel under its edge; and that the first chance plaintiff had of
appreciating its weight was when the package was tipped back onto
the truck by the other man.   The ascertainment of the weight was
learned by plaintiff much the same way as in the case of Manley
v. Minneapolis Paint Co. 76 Minn. 169, 78 N. W. 1050, where it was
held that failure of the master to warn the servant of the danger
attending the unloading of heavy paint barrels was not actionable
negligence; that there was no duty to warn of the dangers inhering
in that work.

Respondent refers to the language in Jirmasek v. Payne, 151 Minn.
421, 186 N. W. 814, distinguishing a case where the weight of a
heavy object comes down upon a servant who is to sustain it, from
one where he is called upon to lift it when at rest.   In the latter
case he is at liberty to desist, and may do so safely when he deems
his strength inadequate for the task, citing Forsman v. Seattle
Electric Co. 58 Wash. 666, 109 Pac. 121.   There the foreman, direct-

[1][See qualification of above statement on page 496, infra, in opin-
ion of November 12, 1926.]

ing the unloading from a wagon of tar barrels weighing 500 to 600 lbs. each, assured the servant, who was assisting in supporting the barrel as it was rolled off the wagon, that it was not heavy. That case is distinguished in Kosinski v. Hines, 113 Wash. 132, 193 Pac. 209, where no foreman directed the men.

It seems to us that there is no legal duty of a master to inform the ordinary person of dangers connected with unloading a cargo of merchandise by means of hand trucks. The rule is well settled that no actionable negligence may be predicated upon a master's failure to warn a servant of risks or dangers obvious to a person of ordinary intelligence. It is only the latent or hidden ones which must be warned against. The authorities cited by both parties so hold. Labatt, M. & S. § 1146; Manley v. Minneapolis Paint Co. supra; Marshall v. C. R. I. & Pac. Ry. Co. 131 Minn. 392, 155 N. W. 208.

The two-wheeled truck here involved is a simple appliance, and no instructions as to its use in moving merchandise packages safely are needed. No one but knows that the weight of the package if great will tax the strength of the operator when the load is tipped backwards unless the center of gravity is balanced so as to be near the axel of the truck. The danger or risk connected with moving heavy and unwieldy packages with a hand truck is certainly as apparent as the dangers attending operations of saws or rollers or the use of the appliances by a servant in such cases as Berger v. St. P. M. & M. Ry. Co. 39 Minn. 78, 38 N. W. 814; Truntle v. North Star W. M. Co. 57 Minn. 52, 58 N. W. 832; Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85. The size of the package was as apparent to plaintiff as to anyone, and knowing the principle on which the two-wheeled truck is used in moving heavy articles he could not help but know that, if the package was heavy, the weight on his arms would be great in proportion as the handles were depressed. If the master is held obligated to warn of dangers inherent in the unloading with two-wheeled trucks of the ordinary merchandise crates or packages from a vessel, it would amount virtually to an assurance against even patent and obvious dangers.

In our opinion the verdict is without support as to either act of negligence submitted.

In view of the fact that the evidence was rather meagre upon the issues submitted, there should be a new trial rather than judgment for defendant.

The order is reversed and a new trial granted.

On November 12, 1926, the following opinion was filed:

PER CURIAM.

A modification is asked of a statement in the opinion as to the legal effect of the negligence of the fellow servant who assisted plaintiff. The statement was made with reference to the issues of law and fact as presented by the appeal.

By the Act of Congress of June 5, 1920, c. 250, § 20; 41 St. 988, 1007, "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply." Nowhere was that Act of Congress brought in at the trial or on the appeal, nor was the negligence of the fellow servant litigated or submitted, so that nothing in the opinion should be taken as foreclosing plaintiff upon that issue if hereafter presented. The scope and effect of the act mentioned were before the Supreme Court of the United States in International Stevedoring Co. v. Haverty, 272 U. S. —, 47 Sup. Ct. 19, 71 L. ed. 22.

With this qualification of our former opinion the petition for modification or rehearing is denied.