## CHARLES KAMPEEN v. CHICAGO & NORTH WESTERN RAILWAY COMPANY AND ANOTHER.

### JOHN BARTON PAYNE, AGENT, ETC. APPELLANT.[1]

June 30, 1922.

No. 22,911.

**Risk of over-exertion assumed by servant, when.**

The rule that a person is the best judge of his own strength and lifting capacity, and that a servant is not entitled to recover damages from his master for a strain or injury resulting from an over-exertion in that respect, when the occasion presents no emergency requiring hasty action, the situation is in no way complicated and the task is plainly observable, followed and applied. In such case the servant assumes the risk.

Action in the district court for Waseca county to recover $10,900 for injuries recived while in defendant's employ. The case was tried before Childress, J., who when plaintiff rested granted the motion to dismiss the action as to the railway company, and at the close of the testimony denied the motion of John Barton Payne for a directed verdict. The jury answered in the negative the question:

[1]Reported in 189 N. W. 123.

Were any of the men who were working with Kampeen in the work in question negligent? and in the affirmative the questions: Did the defendant fail to furnish a sufficient number of men to do the work in question? and, If so was such negligence the direct cause of the accident claimed by the plaintiff? and returned a general verdict for $1,300. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant John Barton Payne appealed. Reversed.

*Brown, Somsen* and *Sawyer*, for appellant.

*Charles Spillane* and *John Spillane*, for respondent.

BROWN, C. J.

Plaintiff is in the prime of life, 45 years of age, and for the past 8 or 10 years has been in the employ of defendant in and about the railroad shops at Waseca, this state; advancing from one position to another, fire-lighter, machinist's helper and finally as electrician. He is a man of intelligence and properly performed all the duties assigned to him, some of which involved lifting and moving from place to place heavy tools, implements and appliances connected with the shops. On the day in question he was directed by the foreman in charge to aid certain other employes of the company in loading upon a truck a large iron casting about 6 feet long by 5 or 6 inches in width and thickness, weighing around 600 pounds. In response to the order he with two or three men loaded the casting upon the truck and it was moved to some other department for the use for which it was made.

The truck was a low two-wheeled affair about 2 feet high, and according to the evidence there was no difficulty in accomplishing the task. But plaintiff claims that in lifting the casting he strained his back, causing an injury from which he has not yet recovered. No injury of the kind was complained of at the time, or until some 10 months later when he presented to defendant a claim for compensation. He subsequently brought this action for damages alleging as a basis thereof: (1) The negligence of defendant in failing to furnish a sufficient number of men to do the work safely and without injury to any of them; and (2) negligence of his fellow servants.

At the trial two special questions were submitted to the jury involving both elements of negligence so alleged and by the answer thereto the jury exonerated the fellow employes from the charge of negligence, but found with plaintiff upon the claim of negligence in the failure of defendant to furnish a sufficient number of men to safely do the work of loading the casting on the truck. A general verdict for plaintiff was returned with the special findings. Defendant moved for judgment or a new trial, and appealed from an order denying it.

The verdict of the jury negativing negligence of the fellow employes of plaintiff removes that as an issue in the case, and leaves for consideration in this court the single question whether on the evidence presented plaintiff is entitled to recover upon the claim of negligence in defendant's alleged failure to furnish sufficient help to do the work with safety. The learned trial court was in grave doubt on the point, and preferred to pass the cause to this court for the final word, rather than to set the verdict aside.

We have given the question careful attention, and reach the conclusion that the evidence brings the case within the rule stated and recently applied in Jirmasek v. Payne, 151 Minn. 421, 186 N. W. 814. It was there stated by Mr. Commissioner Lees, speaking for the court, that every man of ordinary intelligence is conclusively presumed to be the best judge of his lifting capacity and strength, and his master is not liable in damages for an injury resulting from an over-exertion in lifting a heavy article in the course of his employment. Like other rules of law this one is not without its exceptions, which are stated and pointed out in that opinion, none of which have application to the facts at bar. There was nothing complicated about the work of loading the casting in question upon the truck; its size and probable weight were plainly before the workmen, there was no emergency requiring hasty action, and no reason was presented to justify an over-exertion by any of them. This situation differentiates the case from Peterson v. American Grass Twine Co. 90 Minn. 343, 96 N. W. 913, and moreover the manner of doing the work was wholly within their control and methods could well have

been adopted which would have dispensed with heavy lifting altogether. That was plainly apparent. The casting was a long cast-iron moulding, and by means of timbers or other appliances could have been raised to position without hurt or injury to anyone; or the three men engaged could have raised one end of the casting at a time, working together, thus releasing the strain to which one would be put by lifting alone. That was in the control of the men, and if the method pursued was dangerous, which does 'not appear, they voluntarily adopted it and plaintiff, joining therein, should not now be permitted to complain.

It follows that on the facts presented plaintiff is not entitled to recover upon that theory of the case, the only theory left within the issues made by the complaint. It is also clear that a better case cannot be made on another trial, and judgment must therefore be ordered for defendant.

It is so ordered.