BRIDGET HANNAN v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

February 9, 1923.

No. 23,191.

Negligent driving of car against safety gates at highway crossing.

The plaintiff, who drove her auto into the lowered railway safety gates over a street at 6 in the afternoon, a half hour after sunset, was negligent and cannot recover for an injury sustained.

Action in the district court for Hennepin county to recover $5,000 for injuries received at defendant's crossing gates. The case was tried before Montgomery, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,000. From an order denying its motion for judg-·

[1] Reported in 191 N. W. 922.

ment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

John E. Palmer and John L. Erdall, for appellant.

John J. Keefe, for respondent.

DIBELL, J.

Action to recover damages for personal injuries. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

The plaintiff was driving a Ford northerly on Second avenue north in Minneapolis at 6 o'clock, a half hour after sunset, on October 18, 1920, and ran into the lowered safety gates of the defendant and was injured. The lights on her car were lighted and were in good condition. The accident was in a wholesale district. Traffic had substantially ceased. There were no distracting circumstances. The plaintiff was familiar with the surroundings. She had driven over the crossing often, though she does not recall having driven across in the dark. She knew that there were gates. There were no lights on the gates. Her testimony would bear the construction that she supposed that when gates were down after dark there were warning lights upon them.

We have held that open gates are in the nature of an assurance of safety, and that to some extent a driver approaching a crossing, though he must still exercise care, may guide his conduct, within reasonable limits, upon the assurance which open gates give. Woehrle v. Minnesota T. Co. 82 Minn. 165, 84 N. W. 791, 52 L. R. A. 348; Stegner v. Chicago, M. & St. P. Ry. Co. 94 Minn. 166, 102 N. W. 205; Wardner v. Great Northern Ry. Co. 96 Minn. 382, 104 N. W. 1084. The absence of a light at night, when there customarily is one, or where the driver is justified in assuming that there will be one, may have somewhat the same effect as an assurance.

The plaintiff and two other witnesses testify that it was very dark. The plaintiff says that she did not see the gates until she was right upon them. She and two witnesses say that right after the accident they experimented by approaching the gates from the direction from which the auto came, and were unable to see them at a

distance farther away than from 10 to 20 feet. In these experiments they did not have the aid of the auto lights. There is other evidence that there was ample electric light at the crossing and that objects were easily visible. The gateman and some others say they saw the plaintiff coming some distance back. The arms of the gates extended from either side of the street, tapering towards the ends, and meeting at the center of the street, where they were 2½ inches wide and some 3 feet and 8 inches above the street surface.

In Heiden v. Minneapolis St. Ry. Co. 154 Minn. 102, 191 N. W. 254, we held it the duty of a motorman operating a street car after dark, it being his duty to be on the lookout for travelers, to have his car under such control that he could bring it to a stop within such distance as his headlight enabled him to see a vehicle on the street. The case of Lawson v. Fond du Lac, 141 Wis. 57, 123 N. W. 629, 25 L. R. A. (N. S.) 40, 135 Am. St. 30, and other cases, were cited, holding, under the circumstances there existing, that a driver after dark is guilty of negligence if he fails to have his auto under such control that he can avoid striking an obstruction within the distance illuminated by his light.

It is the view of a majority of the court that the plaintiff was negligent and that her negligence prevents a recovery for her injury. In coming to this conclusion the evidence that it was dark at the crossing and that the gates were not seen until the plaintiff was upon them has not been overlooked. The dusk or twilight may have deceived the plaintiff, and the car lights may not have been as serviceable as if it had been darker. But if the plaintiff had used ordinary care as she came to the crossing, considering what she knew of it, and the condition of the light, and the means at hand for avoiding danger, there would have been no injury. We need not discuss the question of the defendant's negligence.

The case has been tried out. There should not be a second trial. There should be judgment notwithstanding.

Order reversed.