## STATE BANK OF GIBBON v. JOHN H. GLAESER AND OTHERS.[1]

June 15, 1923.

No. 23,500.

**Defendants liable on notes given in exchange for note of plaintiff's president.**

The defendants gave their separate notes to one Gugisberg, who was the president of the plaintiff bank, and heavily interested in the Gugisberg Incubator Company. At the same time, and as a part of the same transaction, Gugisberg gave his note to each of the defendants for the same amount and upon the same terms as such defendant's note to him. They now have such notes. Gugisberg made out the deposit slips. His overdrawn account was credited with two of the notes. There was still left an overdraft. The other note was credited to the incubator account, thus paying its overdraft, and leaving a small credit balance. The three notes were carried to the bills receivable account in the usual way. It is *held* that the notes of Gugisberg were a consideration for the notes of the defendants, that the notes of the defendants were not an accommodation for the bank, and that the defendants are liable thereon.

Three actions in the district court for Sibley county to recover $2,000, $2,500 and $2,000, respectively, upon promissory notes made by defendants John H. Glaeser, S. A. Walter and Joseph Bandow, respectively. The cases were tried together before Tifft, J., and a jury which returned a verdict in favor of each of the defendants. From an order denying its motion in each case for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Young & Quandt*, for appellant.

*Geo. A. & C. H. MacKenzie*, for respondents.

DIBELL, J.

The plaintiff brought three separate actions against three separate defendants, each an action to recover upon a promissory note. They were tried together, and in each case resulted in a verdict for the

[1]Reported in 194 N. W. 98.

defendant. The plaintiff appeals from the order denying its alternative motion for judgment or a new trial. One note was made by the defendant Bandow for $2,000, dated September 23, 1920, due in one year. Another was made by the defendant Glaeser for $2,000, dated September 27, 1920, due in one year. The other was made by the defendant Walter for $2,500, dated October 5, 1920, due in 6 months.

One William H. Gugisberg, who died April 18, 1921, was the president of the plaintiff bank. He was not a salaried officer. He occupied an office above the bank where he conducted his business. Occasionally, but not frequently, he helped at the bank. He was actively interested in the Gugisberg Incubator Company. At the time of the making of the 3 notes he was in financial trouble. So was the incubator company. Both were overdrawn at the bank. Gugisberg gave his note to each of the defendants for the amount and upon the terms of such defendant's note to him. These notes the defendants now have. Each defendant knew that he was making a note to the plaintiff. The giving by Gugisberg of his note to a defendant and the giving by such defendant of his note to the bank was a single transaction. Gugisberg took the notes to the bank and made out deposit slips. His account was overdrawn more than $7,000. The two $2,000 notes were credited upon it. The incubator company was overdrawn in the sum of $2,235.50. The $2,500 note was credited on this account. The small credit balance was afterwards carried to Gugisberg's personal account. The 3 notes were carried to the bills receivable account of the bank in the usual way. The net result was that, while no money passed to or from the bank, the bank held as bills receivable $6,500 more than before, the overdraft of Gugisberg was paid to the extent of $4,000, and the overdraft of the incubator company was paid and a credit balance of $264.50 left.

The theory of the defendants is that the notes were without consideration and an accommodation to the bank. When Gugisberg and the defendants exchanged notes the defendants received a consideration for their notes to the bank. Each received the other's note. The notes were not executed as an accommodation to the

bank. The transaction was not carried out in that way. They were credited by the bank on the two accounts, as stated, and each of the parties gave and received a consideration. The defendants are frank in their testimony. They knew what they were giving and what they were getting. The notes are supported by a consideration and the plaintiff should recover. There should be judgment notwithstanding the verdict.

Order reversed.