## HARRY E. STREET v. CARL H. ROSEBROCK AND ANOTHER.[1]

February 10, 1928.

No. 26,407.

**Judgment granted notwithstanding because evidence against verdict was practically conclusive.**

Evidence examined and *held* practically conclusive against the verdict; and, the action having been fully tried and no error claimed, judgment was properly ordered notwithstanding the verdict.

Judgments, 33 C. J. p. 1185 n. 52.

Plaintiff appealed from a judgment of the district court for Steele county, Schultz, J. of the first judicial district sitting for the judge of the fifth judicial district. Affirmed.

*Nelson & Nelson* and *Leach & Leach,* for appellant.

*Sawyer, Gausewitz & Lord* and *Brown, Somsen & Sawyer,* for respondents.

PER CURIAM.

Action to recover damages for alienation of the affections of plaintiff's wife.

Plaintiff had a verdict at the trial. Defendants moved in the alternative for judgment notwithstanding the verdict or a new trial. The trial court granted the motion for judgment, and plaintiff appeals from the judgment.

The one question presented by the appeal is whether or not there is any evidence reasonably tending to support the verdict; or, as otherwise stated, is the evidence practically conclusive against the verdict? The rules as to when judgment notwithstanding the verdict may be granted have been so often stated by this court that a restatement thereof or citation of cases is not necessary.

The evidence returned has been fully argued and examined. The plaintiff and his wife lived for some months with the wife's parents

[1]Reported in 217 N. W. 939.

and lived there at the time of the separation. A few trivial incidents occurred when the mother-in-law expressed disapproval of plaintiff's conduct and stated that he was not good enough for his wife. Shortly after the separation plaintiff asked the wife's father to try to effect a reconciliation. The father did nothing, and in effect refused. There are a few other minor incidents. All of them are such as would likely occur in any similar situation. The evidence fails to show any attempt by either parent to influence the wife against the plaintiff or to induce her to separate from him. Neither parent in any way hindered or prevented plaintiff from seeing his wife or seeking a reconciliation. The evidence, even by inference, would not sustain a finding of any wrongful or active and intentional participation by the parents in causing the separation or preventing a reconciliation. Parents stand in a somewhat different situation in such a case than an outsider.

The case has been fully tried and should end. In re Estate of Klessig, 153 Minn. 27, 189 N. W. 424; Hannan v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 492, 191 N. W. 922.

Judgment affirmed.