# W. F. POWELL AND ANOTHER v. KARL TURNLUND AND OTHERS.[1]

October 5, 1928.

No. 26,883.

**Judgment ordered notwithstanding verdict for defendant.**

The evidence presented did not establish any defense, and judgment in favor of plaintiffs notwithstanding the verdict was properly ordered.

Judgments, 33 C. J. p. 1185 n. 52.

Action in the district court for Marshall county by plaintiffs, copartners as W. F. Powell & Company, to recover on six promissory notes. After a verdict for defendant Turnlund, plaintiffs moved for judgment notwithstanding the verdict or a new trial. From the order, Grindeland, J. granting the motion for judgment, defendant Turnlund appealed. Affirmed.

*Rasmus Hage,* for appellant.

*A. N. Eckstrom,* for respondents.

PER CURIAM.

Plaintiffs sue to recover the aggregate amount of about $190 and interest, claimed due and unpaid on six promissory notes. The defendant Karl Turnlund alone answered. The notes were given for the purchase price of an automobile, sold and delivered by the plaintiffs to the defendants Karl Turnlund and Harry Laymon. The giving of the notes and their validity at the time given is admitted. The defense interposed was an accord and satisfaction. The answered alleged in substance that about six weeks after the giving of the notes, and at the time when the first note was due, the defendant offered to surrender to plaintiffs his interest in the automobile in consideration of a full satisfaction and discharge of all obligation and indebtedness on his part upon the notes, and that this offer was accepted by plaintiffs; that thereupon he surrendered

[1]Reported in 221 N. W. 241.

his interest in the automobile to plaintiffs, and that plaintiffs accepted it and resold same to his codefendant Harry Laymon. After trial and verdict for defendant, the court, on alternative motion by plaintiffs for judgment notwithstanding the verdict or for a new trial, granted the motion for judgment, and defendant appeals.

The trial court concluded that no defense had been made out by the evidence; that there was no evidence to sustain the verdict, and that plaintiffs were entitled to judgment. The evidence is commendably brief and has been carefully considered. We reach the same conclusion as the trial court. It is practically conceded by defendant that there is no direct evidence of any acceptance by the plaintiffs of his offer to surrender the car, or that plaintiffs agreed to release defendant from his obligation on the notes. Defendant contends that formal or express acceptance by plaintiffs was not necessary, and that there was evidence to sustain a finding of acceptance of the proposition by conduct on the part of the plaintiffs and the circumstances shown, which could be held to create an estoppel. The evidence has been carefully examined as to this claim, and we find nothing therein to justify a finding in defendant's favor on that theory. A recital of the evidence would serve no useful purpose. The case has been fully presented, and there is no deficiency of proof such as might be remedied by another trial. The rules as to when judgment notwithstanding the verdict should be ordered have been so often stated that no repetition thereof is necessary.

Order affirmed.