# FIRST NATIONAL BANK IN AMBOY v. WILL FOX AND ANOTHER.[1]

·April 6, 1934.

No. 29,836.

[1]Reported in 254 N. W. 8.

*John E. Regan* and *A. J. Berndt,* for appellant.
*Wilson & Wilson,* for respondent.

I. M. OLSEN, *Justice.*

Defendant Will Fox appeals from a judgment against him on a promissory note for $1,460. He defended in the action on the ground that the note had been obtained from him by alleged fraudulent representations on the part of E. C. Wingen, the cashier of plaintiff bank. The action was against Fox, hereinafter referred to as defendant, and one George Hannay. Hannay did not answer or defend. The jury returned a verdict in favor of defendant Fox. Thereafter, on motion of the plaintiff, the court ordered judgment against the defendant notwithstanding the verdict, and the appeal is from the judgment thereupon entered. There was no motion for a new trial.

The note in question was signed and delivered by defendant as an accommodation maker for George Hannay, his nephew. The plaintiff had duly moved for a directed verdict. The court submitted the question of fraud to the jury. It presented the claim of the defendant, in substance, as follows: That the defendant claimed that in the fall of the year 1929, about the time of the second or third renewal of the note, Mr. Wingen, the plaintiff's cashier, stated to defendant that he would secure a mortgage from George Hannay for defendant Fox on property of Hannay; that Wingen said he would get a mortgage for defendant. The court instructed the jury that the burden of proof rested on defendant to prove that such representations were made; that he relied thereon; that he was damaged thereby; and that at the time the representations were made plaintiff had no intention of carrying out the promise.

This being an appeal from a judgment entered on the order of the court for judgment notwithstanding the verdict, no motion for a new trial having been made and no errors being assigned, except that the court erred in ordering the judgment, the review here presents the single question of whether, on the pleadings and evidence, the plaintiff was entitled to a directed verdict and to an order for such judgment; or, otherwise stated, whether there is any evidence reasonably tending to support the verdict.

■ Directing a verdict or ordering judgment notwithstanding the verdict is to be cautiously granted. The right, however, involves the duty to do so in a case where the right thereto is clear. Manos v. St. Paul City Ry. Co. 173 Minn. 402, 217 N. W. 377. Judgment should not be so ordered if there is evidence reasonably sufficient to sustain the verdict. Strickland v. First State Bank, 162 Minn. 235, 202 N. W. 727; Fink v. N. P. Ry. Co. 162 Minn. 365, 203 N. W. 47; Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716. It must clearly appear from the record that the party obtaining the verdict was not entitled thereto. Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618. If it appears probable from the record that a party has a good cause of action or defense and that deficiency of proof may be remedied on another trial, judgment should not be ordered. Massey S. S. Co. v. Importers & Exp. Ins. Co. 153 Minn. 88, 189 N. W. 415, 31 A. L. R. 1372; Jepson v. Central Business Mens Assn. 168 Minn. 19, 209 N. W. 487.

■ On the other hand, where the evidence is insufficient to sustain the verdict, so that it was the duty of the trial court to direct a contrary verdict and to set the verdict aside, and the record shows no probability that a new trial would alter the situation, or where the evidence is practically conclusive against the verdict, judgment should be ordered. La Plant v. Loveland, 142 Minn. 89, 170 N. W. 920; Larson v. D. M. & N. Ry. Co. 142 Minn. 366, 172 N. W. 762; Giller v. First Nat. Bank, 151 Minn. 414, 186 N. W. 816; Kampeen v. C. & N. W. Ry. Co. 152 Minn. 445, 189 N. W. 123; In re Estate of Klessig, 153 Minn. 27, 189 N. W. 424; Hannan v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 492, 191 N. W. 922; State Bank v. Glaeser, 156 Minn. 136, 194 N. W. 98; McDonald v. G. N. Ry. Co. 165 Minn.

30, 205 N. W. 633; Maron v. Marciniak, 165 Minn. 156, 205 N. W. 894; Opperud v. Byram, 173 Minn. 378, 217 N. W. 379; Street v. Rosebrock, 173 Minn. 522, 217 N. W. 939; Powell v. Turnlund, 175 Minn. 361, 231 N. W. 241; White v. Brainerd S. M. Co. 181 Minn. 366, 232 N. W. 626; Johnson v. Mudbaden S. S. Co. 182 Minn. 476, 234 N. W. 680; Ackermann v. Minnesota Comm'l Men's Assn. 184 Minn. 522, 239 N. W. 229; Diddams v. Empire M. M. Co. Inc. 185 Minn. 270, 240 N. W. 895.

On January 31, 1928, George Hannay was indebted to the First National Bank of Amboy on three promissory notes aggregating $1,460. Defendant Fox claims he was a signer on one of the three prior notes. On that day a new note for the amount of $1,460, the aggregate amount of the three prior notes, was given to the bank. The new note was signed and delivered by George Hannay and defendant Will Fox. The note was renewed in September, 1928, and again on March 9, 1929. In June, 1929, there was either a reorganization of the bank or a new bank organized under the name of First National Bank in Amboy, which is this plaintiff, and at that time the plaintiff took over and paid for the approved assets of the old bank, among them the renewal note for $1,460 given by Hannay and defendant on March 9, 1929, for which plaintiff paid the face value of $1,460. The note was again renewed November 6, 1929, March 6, 1930, May 6, 1930, December 3, 1930, June 12, 1931, December 21, 1931, and June 14, 1932.

There is no evidence or any claim of any fraud or misrepresentations in the giving of the original note or notes or in the renewals thereof prior to November, 1929. The claim of fraud is predicated on the following testimony of defendant Fox. He testified that in a conversation had by him with E. C. Wingen, the cashier of plaintiff, "a little before December," 1929, this was said:

"He came into the office [defendant's office] and we had a little conversation. Just before he [Mr. Wingen] went out he said: 'I don't believe Hannay is going to make it.' * * * I said I could get a mortgage to protect myself, and Mr. Wingen said: 'I'll get it for you and also I'll get the life insurance.' I said I would

have to get the mortgage or I wouldn't go on with it, something to that effect."

He testified further that shortly thereafter he asked Wingen if he had gotten the mortgage, and that he said he had gotten the mortgage but not the life insurance. He further testified that some time before this conversation Hannay had told him he would give him a mortgage. None was given. The claim of fraud is predicated upon this promissory statement of Mr. Wingen that he would get a mortgage for defendant.

The statement relied upon is indefinite. It does not state what kind of a mortgage is referred to or what property is to be mortgaged. It does not say expressly who is to be the mortgagee. Again, the statement was made in what appears to have been a casual conversation between defendant and Mr. Wingen, not in the bank, but in defendant's office. It does not appear that the conversation had any reference to any business of the bank. As far as appears therefrom, it was a naked personal promise by Mr. Wingen to do a favor for defendant. The bank was not under any obligation to make such a promise and could gain nothing by getting a mortgage for defendant. The statement was not made at the time of or in connection with any renewal of the note.

A naked promise, made in a casual conversation by the cashier of a bank, to do a favor for a customer and debtor of the bank, not made in the bank or in connection with any business of the bank, or any business transaction, and not involving any duty owing by the bank to such customer, does not impose any obligation or liability on the bank.

The evidence is insufficient to sustain any defense of fraud.

■ At the time the claimed fraudulent promise was made the bank held a chattel mortgage upon Hannay's personal property for $1,100, given in September, 1928, securing indebtedness other than the $1,460. This mortgage was prior to any mortgage on the property which could have been obtained for defendant in November or December, 1929. It is not shown what the value of Hannay's personal property was in November or December, 1929, when the fraud-

ulent promise is claimed to have been made. It is not shown that then or thereafter the value of his personal property, or any property owned by him, exceeded the amount owing on the $1,100 mortgage. Hannay was a tenant farmer. He apparently owned no real estate. In the fall of the year 1932 he quit the farm which he had been living upon and operating near Amboy. He left and abandoned his mortgaged personal property on the farm, to be taken over and disposed of to apply on his mortgage or mortgages to the bank. What the bank realized out of this property is not shown. No claim is made in this suit that it realized more than sufficient to pay the $1,100 mortgage or that it misapplied any of the proceeds from the property. It is not shown that the plaintiff profited or that the defendant was damaged by the failure of Mr. Wingen or the bank to obtain a mortgage for the defendant.

Some discussion is contained in the briefs about an allegation in the answer that at the time the $1,460 note was given some officer of the bank stated to defendant that Hannay owed the bank no other note or debt except the $1,460. The evidence fails to show any such statement or representation, and the court submitted no such claim to the jury.

There is included in this action and judgment a small interest note given for unpaid interest on the note here in question. The interest note needs no separate consideration.

Counsel for defendant frankly admit in their brief that defendant could gain nothing by a new trial.

The judgment appealed from is affirmed.